[S. F. No. 2441.   Department One.—January 29, 1901.]

WILLIAM FENNELL, Respondent, v. JOHN A. DRINK-HOUSE, Respondent.   MARIA TERESA ELLIOTT, Special Administratrix, etc., Intervenor, Appellant.

ESTATES OF DECEASED PERSONS—ACTION BY HUSBAND AGAINST WIFE'S ADMINISTRATRIX—COMMUNITY PROPERTY—FORUM.—A separate action in the superior court by a husband to recover community property, consisting of money in the hands of the administratrix of his deceased wife, is brought in the proper forum; and such

a case is not the proper subject of litigation in the probate department of the superior court, having jurisdiction of her estate.

ID.—CODE PROVISION AS TO REAL ESTATE—PERSONAL PROPERTY NOT INCLUDED.—Section 1723 of the Code of Civil Procedure giving the probate court jurisdiction to set apart to the husband community real estate, standing in the name of the wife, has no application to community personal property in the wife's possession at the time of her death, which constitutes no part of her estate.

ID.—ACTION FOR COMMUNITY MONEY—DEPOSIT BY WIFE—CLAIM AGAINST ESTATE—MONEY HAD AND RECEIVED.—An action by the husband to recover community money, which was deposited in bank by the wife in her name, and which came to the possession of her administratrix, is not upon a claim against the deceased, nor is it a suit against the estate, but is for money had and received to the use and benefit of the plaintiff.

ID.—PRESUMPTION OF COMMUNITY PROPERTY—BURDEN OF PROOF.—Money deposited in bank by the wife after marriage must be presumed, in the absence of evidence to the contrary, to be community property, and the burden of proof is upon her representative to show that it was her separate property, and in so far as such burden is not sustained, the presumption of community character is absolute and conclusive.

ID.—EARNINGS OF WIFE.—Money earned by the wife while living with the husband is community property.

ID.—STATUTE OF LIMITATIONS—POSSESSION OF WIFE.—The possession of community property by the wife is the possession of the husband. The right of the husband to its possession does not depend upon its custody by him prior to the wife's death; and the statute of limitations does not run against an action by the husband to recover community money from his wife's administratrix by reason of the wife's custody thereof before her death.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. R. Webb, Judge presiding.

The facts are stated in the opinion.

George F. Shelton, for Appellant.

Emil Pohli, for William Fennell, Respondent.

A. Ruef, for John A. Drinkhouse, Respondent.

HAYNES, C.—Winifred Fennell, deceased, was the wife of the plaintiff William Fennell. She died in the city and county of San Francisco, November 28, 1899, leaving estate therein, and the defendant Drinkhouse was duly appointed special administrator of her estate. On February 15, 1900, as such special administrator, he took possession of the sum of four thousand two hundred and twenty-three dollars and fifty-seven cents then on deposit with the Hibernia Savings and Loan Society in the name of Winifred Chapple (by which name the deceased was sometimes known), and this action was brought by the plaintiff against said Drinkhouse to recover said money, claiming that it was acquired by the plaintiff and said Winifred after their marriage, and that it was community property to which he was entitled.

After the appointment of defendant Drinkhouse as special administrator, a will executed by said deceased in her lifetime was found and probated, and Maria Teresa Elliott was duly appointed and qualified as executrix; but said William Fennell having taken an appeal from the order probating said will, her letters were revoked and she was appointed special administratrix of said estate succeeding defendant Drinkhouse, and as such she filed a complaint in intervention in this action, claiming that the whole of said moneys were the separate property of said Winifred in her lifetime, and belonged to her estate, and that she as special administratrix, was entitled to the possession of the whole thereof.

The plaintiff answered said complaint in intervention, the cause was tried by the court, and findings were for the plaintiff, to the effect that he was entitled to eighteen hundred and fifteen dollars and seventy-seven cents (part of said sum of four thousand two hundred and twenty-three dollars and fifty-seven cents), and costs, and that the intervenor was entitled to the remainder of the fund, less disbursements made by defendant Drinkhouse as special administrator, and judgment was entered accordingly. This appeal is by the intervenor from the judgment, and from an order denying her motion for a new trial.

Appellant formulates three propositions upon which a reversal is claimed, and states that the various assignments of

error range themselves under one or the other of them. These grounds will be noticed in their order:

1. "That plaintiff has mistaken his forum and his remedy."

It is contended that the department of the superior court in which the settlement of the estate of Winifred Fennell was pending alone had jurisdiction of the subject matter of this litigation under section 1723 of the Code of Civil Procedure, and that the remedy therein provided is exclusive.

Said section has no application. It appears to relate to real estate alone. There would seem to be no reason for recording in the recorder's office a certified copy of a decree determining whether the money here in controversy belonged to the plaintiff or to the estate.

Nor, under the facts of this case, is it a proper subject of litigation in the probate department of the superior court. If the money in question was, in fact, community property in the possession of Mrs. Fennell at the time of her death, it is no part of her estate. It is still in the hands of the special administrator, but that fact does not create a debt against the estate in favor of the plaintiff for which he must present his claim and take chances as to the solvency of the estate. If the community property in question were horses or cattle, there can be no doubt that plaintiff could recover possession of them in an action of claim and delivery; and it is equally clear that he could not in such cases have that remedy in the probate proceedings concerning Mrs. Fennell's estate.

2. Appellant further contends that "plaintiff cannot recover in this action, because he failed to identify the specific fund for which he sues."

Counsel, I think, shows quite conclusively that "this cannot be treated as a suit on a claim against the deceased," not only because no claim against the estate was presented, but because it is not a suit against the estate, but is an action against John A. Drinkhouse "for money had and received to and for plaintiff's use and benefit, in the said sum of four thousand two hundred and twenty-three dollars and fifty-seven cents." There is no question about the identity of the fund received and held by defendant Drinkhouse. The only questions are,

Is it community property?   Or if part only is community property, how much?

Appellant contends that the evidence is insufficient to justify the finding that any part of the money deposited in the bank by the wife was community property.

All the money found in the bank and received by the special administrator was deposited after the marriage of plaintiff and Mrs. Fennell, and the presumption therefore was, in the absence of other evidence, that all of it was community property, and the burden of proof was upon appellant.   This presumption can be overcome "only by evidence of a clear, certain, and convincing character establishing the contrary; and the burden of this showing rested with the parties claiming the separate character of the property.   In the absence of such proof the presumption as to the community character was absolute and conclusive."   (*In re Boody,* 113 Cal. 682, 686, and cases there cited.)   There was evidence tending to show that a portion of the money deposited by Mrs. Fennell in the Hibernia Savings and Loan Society was the proceeds of the sale of some real estate which was her separate property, and it also appeared that certain rents thereof entered into the account; but beyond that the evidence was confused and conflicting, and wholly insufficient to overcome the presumption that it was community property.   Evidence that the husband did little work, and therefore did not earn the remainder of the money after deducting the proceeds of the real estate, was inconclusive, if not immaterial, since if the deposit consisted wholly of the earnings of the wife while living with her husband, it was nevertheless community property.

3. It is further insisted that "the right of plaintiff to claim the money as community property is barred by the statute of limitations."

The possession of community property by the wife is the possession of the husband.   The right of the survivor does not depend upon the custody or possession of the community property prior to the death of the deceased spouse.

No other questions are discussed.

I advise that the judgment and order appealed from be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.