[S. F. No. 10032. In Bank.—December 27, 1923.]

WM. M. STAFFORD, as Administrator, etc., Appellant, v. E. MARTINONI, as Administrator, etc., Respondent; E. B. JEWETT, Intervener and Respondent.

[1] HUSBAND AND WIFE—DEATH OF PARTIES—QUIETING TITLE—OWNERSHIP OF PROPERTY BY WIFE BEFORE MARRIAGE—FINDING—EVIDENCE.—In an action by the administrator of the estate of a deceased husband against the administrator of the estate of the deceased wife for the purpose of establishing the fact that certain real and personal property was the community property of the decedents and that the wife, who survived the husband, was not the sole owner thereof, undisputed evidence, including the statements of the wife and admissions by her, that she had neither money nor property at the time of her marriage, disposes of the finding of the trial court that the wife was the owner of any portion of said real or personal property as her separate property and estate by virtue of having acquired the same prior to her said marriage.

[2] ID.—PERSONAL PROPERTY — COMMUNITY PROPERTY — SECTION 164, CIVIL CODE—CONSTRUCTION.—The opening clause of section 164 of

the Civil Code reading, "All other property acquired after marriage by either husband or wife, or both, is community property," in so far as it relates to the acquisition of personal property by either spouse during coverture, other than by gift, devise or bequest, has not been modified by the terms of the succeeding clauses of said section, the latter having reference solely to transfers of real estate.

[3] ID.—STATUS OF PERSONAL PROPERTY — FINDINGS — EVIDENCE. — In such action, in so far at least as the personal property of the community in being prior to and at the date of the death of the husband, the findings of the trial court were erroneous, requiring a reversal of the judgment based thereon.

[4] ID.—EVIDENCE—DISPUTABLE PRESUMPTION RAISED BY SECTION 164, CIVIL CODE.—The disputable presumption raised by section 164 of the Civil Code, that "whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as separate property," is a form of evidence under the express terms of section 1957 of the Code of Civil Procedure; it may be controverted by other evidence, direct or indirect, but unless so controverted the court or jury is bound to find according to the presumption. It is, therefore, for the court or jury to determine whether or not the evidence against the presumption is sufficient to overthrow it.

[5] ID.—STATUS OF PROPERTY CONVEYED TO WIFE DURING HUSBAND'S LIFETIME—FINDINGS—EVIDENCE.—In such action, as to the real property conveyed to the wife during the lifetime of her husband, the finding of the trial court that the same was the separate property of the wife was justified by the existing state of the evidence.

[6] ID.—PROPERTY ACQUIRED AFTER DEATH OF HUSBAND—INAPPLICABILITY OF SECTION 164, CIVIL CODE.—In such an action, the presumptions relied upon by the administrator of the estate of the deceased wife based upon the language of section 164 of the Civil Code have no application to so much of the real property as was acquired by the wife after the death of her husband.

[7] ID.—COMMUNITY PROPERTY — ACCOUNTING—EVIDENCE—BURDEN OF PROOF.—In such action, as to the remainder of the real estate held by the wife at the time of her death, other than that conveyed to her during the lifetime of her husband, and also as to the personal property, consisting in the main of notes and mortgages taken by her for loans made during the four years succeeding the date of her husband's death which she survived him, the administrator of her estate should be held to such an accounting as would disclose what portion of such real and personal estate, if any, was derived from the community property of the parties as it existed at the date of the death of the husband; and the evidence is sufficient to cast the burden of making such a showing upon the

administrator of the wife's estate, since at the death of her husband she became the trustee of his portion of the community property for the benefit of his estate and heirs.

APPEAL from a judgment of the Superior Court of Alameda County. Stanley A. Smith, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

W. F. Stafford, Wm. M. Stafford and Harry I. Stafford for Appellant.

Morrison, Dunne & Brobeck and Herbert W. Clark for Respondent.

Clarence E. Todd and Vincent Surr for Intervener.

RICHARDS, J., *pro tem.*—In this action the plaintiff, as administrator of the estate of Charles R. Brown, deceased, brings suit against the defendant as administrator with the will annexed of the estate of Caroline R. Brown, deceased, and in his complaint herein alleges that Charles R. Brown and Caroline R. Brown were, in the lifetime of both, husband and wife; that Charles R. Brown died intestate in the city of Oakland, California, on the eighth day of April, 1910; that at the time of his death he was the owner of certain real estate, consisting of certain parcels of land specifically described in said complaint, and was also the owner and possessed of a sum of money in excess of $10,000, all of which real and personal property was the community property of himself and said wife, Caroline R. Brown; that upon his death said Caroline R. Brown took possession of all of the said real estate and personal property and dealt with, controlled, and administered the same thereafter and down to the time of her death on the twenty-first day of December, 1914, when she died testate; that on the seventh day of November, 1912, said Caroline R. Brown was appointed administratrix of the estate of her deceased husband and duly qualified as such; and that she thereafter filed an inventory and appraisement of the property of her deceased husband's said estate wherein she set forth and stated under oath that the only property belonging to the estate of Charles R.

Brown, deceased, was a parcel of land in the county of Fresno, which was appraised in the sum of $1,450 and which she petitioned the court to set apart to her absolutely as his widow, under the provisions of section 1469 of the Code of Civil Procedure; that her petition in that regard was granted by the court having jurisdiction over said estate; that said Caroline R. Brown never during her lifetime accounted otherwise for any other property belonging to the estate of the said Charles R. Brown, deceased, but, on the contrary, by her last will and testament, left all of her property to her own heirs; that upon her death the defendant herein, E. Martinoni, was appointed administrator with the will annexed of the estate of Caroline R. Brown, deceased, and as such took and holds possession of all of said real estate and personal property for the heirs of said Caroline R. Brown, deceased, who claimed to be the owners thereof; that said Charles R. Brown upon his death left certain heirs whose names are set forth in said complaint; that on the sixth day of December, 1916, the plaintiff herein, Wm. M. Stafford, was duly appointed administrator of the estate of Charles R. Brown, deceased, duly qualified, and has since been acting as such administrator. Wherefore the plaintiff prays for a judgment declaring that said Charles R. Brown was at the time of his death the owner of an undivided one-half of all of said real estate and personal property as his share of the community property of himself and of his said wife, Caroline R. Brown, and directing that the defendant as such administrator of the estate of Caroline R. Brown, deceased, account to said plaintiff for all of the rents, issues, and profits of said property from and after the date of the death of the said Charles R. Brown, deceased, and for such other and further relief as may be proper in the premises.

The defendant herein by his answer specifically denies the averments of the several paragraphs of plaintiff's said complaint in so far as these undertake to set forth the ownership by the said Charles R. Brown of any interest in the real or personal property described in said complaint, and then proceeds to affirmatively allege that all of the real and personal property set forth therein was at all times prior to her death the separate property of the said Caroline R. Brown, and that the same and the whole thereof consisted of property which was held by her before her marriage with said Charles

R. Brown or was acquired by her after such marriage by gift, bequest, devise, or descent with the rents, issues, and profits thereof, and that at the time of her death and for a long time prior thereto said Caroline R. Brown was the owner in fee simple absolute and was in the possession as such of all of said real and personal property.

The defendant also pleads several sections of the Code of Civil Procedure as a bar to said action under the statute of limitations.

In addition to the foregoing answer of the defendant E. Martinoni, as administrator of the estate of Caroline R. Brown, deceased, one of his heirs appeared and filed, with permission of the court, a complaint in intervention, wherein he sets forth substantially the same matters as were averred in the complaint of the said administrator.

Upon the trial of the cause the plaintiff introduced in evidence certain documents and other evidentiary matter tending to show the origin, ownership, and condition of the real and personal properties of Charles R. Brown and Caroline R. Brown during the period between the date of their said marriage and the date of the death of said Charles R. Brown, and also tending to show the dealings of said Caroline R. Brown with respect to said real and personal property after the death of her said husband, and the present condition thereof or of the proceeds thereof. The plaintiff also offered, and there was admitted in evidence, certain statements, acts, and conduct of said Caroline R. Brown, both before and after the date of the death of her said husband, and which were in the nature of admissions against interest. When the plaintiff rested his case the defendant offered no documentary or oral evidence in support of the denials and averments of their said pleadings, but rested his defense to said action solely upon certain asserted presumptions of law, to be hereafter adverted to, and also upon his plea of the statute of limitations. The trial court in deciding said cause upheld the contention of the defendant based upon said presumptions of law, holding that said Caroline R. Brown was, during her lifetime, the owner of the whole of said real and personal property as her sole and separate estate, with the exception of the said Fresno parcel of land, as property either acquired by her prior to her marriage with said Charles R. Brown or acquired by her

after her said marriage with said Charles R. Brown, by gift, devise, or descent; and that as to said Fresno parcel of land she had acquired the same and the ownership thereto under the provisions of section 1469 of the Code of Civil Procedure; and that the said plaintiff as administrator of the estate of said Charles R. Brown, deceased, had no right, title, or interest in said property. The court further found that the action was not barred by the statute of limitations. A judgment was accordingly rendered and entered in the defendant's favor and for his costs. It is from such judgment that this appeal has been taken.

It is the appellant's contention upon this appeal that the findings and decision of the trial court to the effect that said Caroline R. Brown was at the time of, or at any time prior to, the death of her said husband, Charles R. Brown, the owner of all or of any of the real and personal property set forth in said complaint as her sole and separate property, is not supported by the evidence in the case; that in so far as the said defendant's claim of such ownership is based upon an ownership by her of any portion of said real or personal property prior to her marriage with said husband is concerned, said finding is contradicted by the undisputed evidence to the contrary, and that in so far as the said claim of ownership in said Caroline R. Brown is based upon the presumptions of law solely relied upon by them, said presumptions and the operation and effect thereof as evidence in the case were fully overthrown by the substantial and undisputed evidence educed by the plaintiff upon the trial and hence were insufficient to furnish any foundation for the findings and judgment in the defendant's favor. The consideration of the appellant's contentions in the foregoing respects requires a brief recital of the practically undisputed facts of the case.

Charles R. Brown and Caroline R. Brown were married in Tombstone, Arizona, on March 17, 1880. At the time of his said marriage Charles R. Brown was conducting a restaurant at said place and was earning therein about a thousand dollars a month. Caroline R. Brown prior to her marriage was working for said Charles R. Brown in his said restaurant, and it is clearly shown from the undisputed evidence, including her own statements and admissions, that she had neither money nor property at the time of her marriage with

Charles R. Brown. [1] This disposes at the outset of the finding of the trial court that said Caroline R. Brown was the owner of any portion of said real or personal property as her separate property and estate by virtue of having acquired the same prior to her marriage with Charles R. Brown. Subsequent to their said marriage Charles R. Brown and his wife continued to live for a time in Arizona, but later, and about the year 1886, appear to have removed to Hanford, then in Tulare County, California, where they lived between 1886 and 1902 and where for a time Charles R. Brown ran a hotel or boarding-house and also purchased and sold real estate. During those years he purchased four separate parcels of real estate, paying therefor in the aggregate $6,100 and taking the deeds therefor in his own name only. During the same period he sold two pieces of real estate for the sum in the aggregate of $11,100. During this period also he opened a bank account with the First National Bank of Hanford, where the total amount of deposits between November 16, 1887, and February 4, 1904, amounted to the sum of $17,224.42. He closed his account at said bank on November 7, 1904. During the period of his residence in Hanford, Charles R. Brown engaged in other transactions of a business character. He borrowed at one time certain money, giving as security therefor a mortgage upon real property. This note and mortgage were executed by himself alone. He also granted to the county of Tulare certain rights of way across the lands owned by him, executing the grant in his own name only. Whatever other transactions in the purchase and sale of real estate were engaged in by him during the period of his residence in Hanford were all conducted in his own name alone, Mrs. Brown taking no active part in any of the foregoing transactions and having no bank account there in her own name. In about the year 1902 Charles R. Brown and his wife removed to Elmhurst, Alameda County, where they continued to reside up to the time of his death. Prior to his said removal certain bank accounts had been opened with the Union Trust Company of San Francisco. The first of these was opened on December 31, 1896, and closed on July 11, 1905. It stood in the name of Charles R. Brown and showed a total deposit in the sum of $6,176.86. The second of those accounts was opened on June 26, 1899, in the name of Caroline R. Brown,

and was also closed on July 11, 1905, showing a total deposit
in the sum of $3,002.73. The third of said accounts was
opened May 22, 1903, in the name of C. R. Brown and was
closed on June 1, 1903, showing total deposits in the sum of
$3,800. The C. R. Brown referred to in this account was
elsewhere shown to be Charles R. Brown. The fourth of
said bank accounts stood in the name of Caroline R. Brown
or Charles R. Brown and was opened January 22, 1906, and
closed January 2, 1908, and its total deposits aggregated
$8,308.05. The fifth of said bank accounts was opened
November 18, 1905, in the names of Caroline R. Brown or
Charles R. Brown and was closed on January 1, 1906, with
total deposits aggregating $7,214.87. The sources of these
several deposits have not been shown, with the exception of
one item in the fourth of said accounts which stood in the
name of both spouses, which item consisted in a deposit of
$3,000 and which was evidently in the form of a draft drawn
in favor of the husband and which had for its source a pay-
ment made by one W. R. Wiles upon a piece of land in
Tulare County owned by Charles R. Brown and sold by
him to said Wiles. Some light is thrown upon these several
bank accounts by the following facts disclosed by the undis-
puted evidence in the case. The removal of the Browns from
Hanford to Elmhurst was apparently caused by the fact that
the husband's health was failing. Whether this failure of
health on his part had for its cause a kick on the head which
he received from a cow or was due to some other cause does
not very clearly appear, but it does appear, both from the
direct evidence of friends of the family and from the express
statements and admissions of Caroline R. Brown, that from
a date not long after the removal to Alameda County,
Charles R. Brown's failing health and mental powers in-
capacitated him more and more from attending to his busi-
ness to a degree which seemed to require that Mrs. Brown
should increasingly take over the active management of their
business affairs. Upon this point there were statements and
admissions by her testified to by several persons who were
intimate friends of the family and whose testimony stands
unimpeached in the record, which are most significant.
These several witnesses testified to conversations held with
Mrs. Brown on various occasions with respect to her hus-
band's mental and physical condition during the several

years preceding his death, and they may be summarized as showing that Mrs. Brown, beginning not long after the removal to Elmhurst, undertook for the first time to handle actively the business affairs of the family on account of the failing health and capacity of her husband and before long assumed entire control thereof, engaging chiefly in the business of loaning money, and finally and for some time before his death conducting her various transactions without consulting her husband and dealing with respect to both her real estate and personal property transactions in her own name, and to the extent that at the time of his death on April 8, 1910, there was no money in any bank account standing in the name of Charles R. Brown, nor was there any real property standing in his name, with the single exception of the Fresno County parcel of land, which was inventoried as constituting the whole of his estate.

In determining the question presented in this case as to how far the presumptions of law relied upon by the respondents herein in support of their claim that the whole of the property, both real and personal, in respect to which an accounting is sought in this action, was to be held the separate property and estate of Caroline R. Brown, it is important to note that the time and state of the properties of both classes to which said presumptions are to be given application, if at all, is that period of time which lies prior to and up to the time of the death of Charles R. Brown, since it is plain that if Caroline R. Brown, as the wife of Charles R. Brown, was not entitled, prior to his death, to the benefit of said legal presumptions investing her with the title to said properties, both real and personal, as her separate property, by reason of the fact that they had come to be placed in her own name, she could not thereafter become entitled thereto by any changes in the form of said properties or of the proceeds thereof so long as these could be identified as being derived from properties held by the community prior to her husband's death; since as to the whole amount of all such properties treated as community property at the time of the death of her said husband she would be chargeable as the trustee thereof for the benefit of his estate and heirs. Having this evident proposition in mind it may be well before dealing with these properties in detail to set forth the two presumptions of law upon which the respond-

ents solely rely in support of their contention that the whole of said properties were separate properties of Caroline R. Brown. The first of these presumptions is that expressly set forth in section 164 of the Civil Code and upon that clause therein which states: "Whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." The other of said presumptions is the asserted presumption that when property is purchased with community funds and placed in the name of the wife it will be presumed to have been a gift from her husband. In determining whether these presumptions can be given application to those properties which had come to be placed in the name of Caroline R. Brown prior to the death of Charles R. Brown we will first deal with the personal property in the form in which it existed at and prior to the date of the death of Charles R. Brown. As has already been seen, Mrs. Brown had no property prior to her marriage with Charles R. Brown; neither did she acquire any property after her marriage with Charles R. Brown by devise or bequest from any person or by any express gift from Charles R. Brown. Whatever personal property she acquired or held in her own name after her marriage with Charles R. Brown and prior to the date of his death was personal property acquired during the existence of the marriage relation between herself and Charles R. Brown. It must therefore be held to be community property under the first clause of section 164 of the Civil Code as it read prior to and at the date of the death of Charles R. Brown, unless that portion of said section of the Civil Code can be held to have been modified by the succeeding clauses of said section of the code. If not so modified it would follow irresistibly that no presumption of any kind could be indulged in which would have the effect of defeating the express language of that portion of said section of the Civil Code. The opening clause of said section of the code reads as follows: "All other property acquired after marriage by either husband or wife is community property." To indulge the presumption that personal property thus acquired and standing in the name of the wife is a gift from the husband and is therefore her separate property would obviously be to destroy the declared effect of this opening clause of said section 164 of the

Civil Code, unless its effect can be held to have been modified as to personal property by the succeeding clauses of said section. It is the contention of the respondents herein that this opening clause of said section 164 of the Civil Code has been modified as to all property, both real and personal, by the succeeding clause thereof, wherein it is stated that "whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." The scope to be given to this clause in said section of the code in the way of modifying the preceding clause thereof turns upon the interpretation of the words "conveyed" and "conveyance" as employed in this and in the other clauses of said section which follow after it. It would seem to be obvious, reading these several clauses of said section together, that the terms "conveyed" and "conveyance" as employed therein have reference only to transfers of real property. Such was the interpretation placed upon these terms as used in said section of the code by this court in the case of *Booker* v. *Castillo,* 154 Cal. 672 [98 Pac. 1067], wherein it was held that these terms as used therein had reference to real property only. A like interpretation was placed upon these terms as employed in said section in the case of *Peyser* v. *Bradbury,* 138 Cal. 570 [72 Pac. 165], wherein it was held that a mortgage did not come within the meaning to be given to the term "conveyance" in said section of the code. [2] It is our conclusion, therefore, that the opening clause of section 164 of the Civil Code, in so far as it relates to the acquisition of personal property by either spouse during coverture, other than by gift, devise, or bequest, has not been modified by the terms of the succeeding clauses of said section, the latter having reference solely to transfers of real estate. The authorities fully support this view. (*Hammond* v. *McCullough,* 159 Cal. 639 [15 Pac. 216]; *Estate of Pepper,* 158 Cal. 619 [31 L. R. A. (N. S.) 1092, 112 Pac. 62]; *Rowe* v. *Hibernia Bank.* 134 Cal. 405 [66 Pac. 569]; *Fennell* v. *Drinkhouse,* 131 Cal. 447 [82 Am. St. Rep. 361, 63 Pac. 734]; *Van Camp* v. *Van Camp,* 53 Cal. App. 17 [199 Pac. 885]; *Brenneke* v. *Smallman,* 2 Cal. App. 306 [83 Pac. 302].) It follows from this conclusion and from the foregoing authorities in support thereof that as to all of the personal prroperty which was originally the com-

munity property of these spouses standing in the name of the husband, but which came during the years between 1902 and 1910 to stand in the name of the wife, said properties were community property at the date of the husband's death. They consisted in five promissory notes, each secured by mortgage, viz.: The note of Chas. Norling dated February 24, 1909, for the sum of $1,250; the note of Robert Norling dated March 16, 1909, for the sum of $1,000; the note of Hulda Mallett dated June 6, 1909, for the sum of $800; the note of Wm. F. Courtney dated July 7, 1909, for the sum of $2,000, and the note of A. H. Illiohan dated July 7, 1909, for the sum of $2,200. These notes amount in the aggregate to the sum of $7,250 and they and the mortgages which secured them were all outstanding on the eighth day of April, 1910, the date of the death of Charles R. Brown, and being community property they became a part of his estate, and standing as they did in the name of his widow, Caroline R. Brown, were held by her in trust for his estate; and they or the proceeds thereof are still so held, and hence should have been accounted for in this action by the administrator of her estate. The evidence in the case also shows that in addition to the sums of money which had been loaned by Caroline R. Brown upon the foregoing securities there was a considerable sum of money which stood in the names of Caroline R. or Charles R. Brown upon the books of several banks during the years between 1905 and 1910 when Charles R. Brown by reason of his failing health and mental powers was retiring from the active management of the community properties and as to which moneys no accounting was ever made by Caroline R. Brown to the estate of her deceased husband. All such moneys were community property and as to the whole thereof, existing in the form of money or personal property at the time of her husband's death, Caroline R. Brown, upon his death, became the trustee thereof for the benefit of his estate and heirs; and hence she or her administrator should have been held to an accounting therefor and for the investment and proceeds thereof in this action. [3] It follows that in so far at least as the personal property of the community in being prior to and at the date of the death of Charles R. Brown the findings of the trial court were erroneous and hence the judgment based thereon must be reversed as to such personal property.

The next question with which we are called upon to deal is as to the status of the real estate of the community prior to and at the date of the death of Charles R. Brown. Prior to the date of the removal of Charles R. and Caroline R. Brown, his wife, from Hanford to Elmhurst, no real estate stood in the latter's name, nor did it appear that she had any money or personal property in any considerable amount. She had a savings account with the Union Trust Company of San Francisco, opened while she was still residing in Hanford, and with reference to which accretions and withdrawals in sums less than $50 were from time to time made down to July 11, 1905, when the then balance, amounting to $3,002.73, was withdrawn and the account closed. She had, so far as the record discloses, no other account or money or personal property on hand prior to the year 1905. On June 9, 1903, the first piece of real estate to be purchased and taken in her name was the lot acquired from H. C. Morris, by deed of that date conveying lots 46 and 47 of the Warner tract, in the county of Alameda, which property, so far as the record discloses, she still held in ownership and possession at the date of the death of Charles R. Brown. The record shows that the purchase price of these lots was the sum of $500 and that it does not appear to have been derived from any fund on hand in Caroline R. Brown and it would, therefore, follow that the purchase price of this property must otherwise have been derived from the community funds which then, with the small exception noted, stood in the name of Charles R. Brown. The next acquisition of real estate was that of lots 5, 6, 7, and 8 in block "A" of the Shepardson tract, in Alameda County, purchased from the West End Building Association on July 13, 1905, the deed being taken in the name of Caroline R. Brown and the property still standing in her name at the date of the death of Charles R. Brown in 1910, and also at the date of her death, in 1914, and being one of the tracts of land described in the complaint herein. The purchase price of this property appears to have been $1,800, which must have been drawn from the community funds of that date. The next purchase of real estate was that from Charles Strum, evidenced by deed dated October 31, 1907, to Caroline R. Brown, conveying a lot 35x80 feet on the corner of Eighth Street and Haight Avenue, in said county, for a

stated consideration of $1,000. At this time all of the money of the community had been transferred in the bank accounts either to the name of Caroline R. Brown or of Charles R. and Caroline R. Brown, but since these moneys in either name were community property the amount of the purchase price of this property must be held to have been derived from these funds. The only other piece of real property acquired prior to the death of Charles R. Brown was that purchased from B. Alexander by deed dated January 6, 1910, taken in the name of Caroline R. Brown, describing a portion of lot 7 in block "B" of the Sloane tract, in said county, and which property was still held by Caroline R. Brown at the time of her death and is set forth and described in the complaint herein. The consideration paid for this property is stated to have been $1,000, which also must have come from the community funds then in the hands of Caroline R. Brown, since there was apparently no other source from which it could have come. As to these four pieces of real estate, acquired during the lifetime of Charles R. Brown, but conveyed to and standing in the name of Caroline R. Brown, it is the contention of the respondents herein that they were and are entitled to the full benefit of the presumption expressly created by the clause in section 164 of the Civil Code reading: "But whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." The respondents further contend that where it appears that the purchase price of such real estate was derived from community funds it will be presumed that the property was intended as a gift to the wife from her husband in order to support the presumption that it was her separate property expressly created by section 164 of the Civil Code. The appellant herein does not dispute the existence of these two presumptions nor their applicability in a proper case to real estate conveyed to the wife during coverture; but the appellant insists that these presumptions are disputable presumptions and that they are susceptible of application only to cases where there is no substantial evidence in the record to the contrary. (*Fanning* v. *Green,* 156 Cal. 279 [104 Pac. 308]; *Holmes* v. *Holmes,* 27 Cal. App. 546 [150 Pac. 793].) Conceding this contention to be correct we are still confronted with the fact

192 Cal.—47

that the trial court has by its findings given full effect to the presumptions upon which the respondents rely and in so doing has treated the evidence in opposition to such presumptions as not sufficiently substantial to overthrow them; and that, therefore, as to the real estate conveyed to Caroline R. Brown in her own name during the lifetime of her husband such findings of the trial court upon the evidence then before it may be correct, but should, we think, be subject to further consideration and review upon a retrial of the entire cause. **[4]** The disputable presumption raised by section 164 of the Civil Code is a form of evidence under the express terms of section 1957 of the Code of Civil Procedure. It may be controverted by other evidence, direct or indirect, but unless so controverted the court or jury is bound to find according to the presumption. (Code Civ. Proc., secs. 1961–2061.) It is, therefore, for the court or jury to determine whether or not the evidence against the presumption is sufficient to overthrow it. (*People* v. *Milner,* 122 Cal. 171–179 [54 Pac. 833] ; *Moore* v. *Gould,* 151 Cal. 723–726 [91 Pac. 616] ; *Hitchcock* v. *Rooney,* 171 Cal. 285–289 [152 Pac. 913].) **[5]** As to the real property conveyed to Caroline R. Brown during the lifetime of her husband we are, therefore, disposed to hold that the finding of the trial court that the same was the separate property of Caroline R. Brown was justified by the existing state of the evidence in the case. **[6]** As to so much of the real property described in the complaint herein as was acquired by Caroline R. Brown after the death of her husband, a different question is presented, since, as to such property, the presumptions relied upon by the respondent based upon the language of section 164 of the Civil Code and of the cases construing the same have no application. As to some of said real estate at least there is positive and incontrovertible evidence going to show that title to it in Caroline R. Brown was derived directly from the personal property which we have found to be a portion of the community estate at the date of the death of Charles R. Brown. For example: The tract of land described in said complaint as lying on the southeasterly line of Grant Avenue and consisting of a lot 50x118 feet, in the county of Alameda, was purchased by Caroline R. Brown on May 26, 1913, at foreclosure sale thereof on account of the mortgage given to her thereon by Charles Norling on

February 24, 1909, and which mortgage and the note which it secured we have above held to have been a portion of the community assets of Charles R. and Caroline R. Brown. This piece of real estate, being thus identified as derived from that source, must, therefore, be held to have been the proper subject of an accounting herein.

As to the piece of real estate in Fresno County which was set apart to Caroline R. Brown, deceased, upon her representation that it constituted the entire estate of Charles R. Brown and was of the value of less than $1,500, it would seem that as to this piece of real estate, confessedly community property, and which was thus wrongfully set apart to her, the present administrator of the estate of her deceased husband would be entitled to an accounting in a court of equity.

[7] As to the remainder of the real estate held by Caroline R. Brown at the time of her death, other than that conveyed to her during the lifetime of her husband, and also as to the personal property, consisting in the main of notes and mortgages taken by her for loans made during the four years succeeding the date of her husband's death which she survived him, we think her administrator should be held to such an accounting as would disclose what portion of such real and personal estate, if any, was derived from the community property of Charles R. and Caroline R. Brown as it existed at the date of the death of Charles R. Brown. We think the undisputed evidence in the case sufficient to cast the burden of making such showing upon the administrator of Caroline R. Brown, deceased, since at the death of her husband she became the trustee of his portion of the community property for the benefit of his estate and heirs.

The judgment is reversed.

Wilbur, C. J., Lawlor, J., Lennon, J., Kerrigan, J., and Seawell, J., concurred.