## APPEALS OF D. CERRUTI ET AL.[1]

Docket Nos. 6235, 2489, 2490, 6350, 6598, 3234, 4036, 7105, 7359, 8870, 2603, 6237.   Decided August 2, 1926.

Petitioners and their wives, residents of California, were not entitled, under the provisions of the Revenue Acts of 1921 and 1926, to file separate returns for the calendar years involved upon the community property basis and be taxed each upon one half of the income of the community.

*F. R. Gibbs*, *Esq.*, *Adrian C. Humphreys*, *Esq.*, and *Chester A. Gwinn*, *Esq.*, for the petitioners.
*A. Calder Mackay*, *Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

These appeals are from determinations of deficiencies as follows,—D. Cerruti, $345.22, for 1923; Nicholas Alaga, $510 and $141.52, for 1921 and 1922, respectively; Paul Alaga, $510.62 and $311.78, for 1921 and 1922, respectively; M. F. Bracher, $188.49 for 1923; William M. Cannon, $748.83, $1,759.20, $1,469.55, and $4,785.45, for 1919 to 1922, inclusive, respectively; A. M. Braddock, $197.13 for 1921; E. S. Carpenter, $8,994.01 for 1921 and 1922, respectively; Robert Behlow, $617.80 for 1921 and 1922; Frank E. Wall, $140.75 for 1921 and 1922; Dudley Baird, a deficiency of less than $10,000 for 1920 and 1921; Guiseppe Filice, $2,445.86 for 1919; H. L. Weaver, $3,758.21 for 1923.

The question presented in each of the appeals is whether, under the law of California and the Revenue Acts of 1921 and 1926, the petitioners, residents and citizens of California, married and living with their wives, were liable for income tax upon more than one-half of the income received during the calendar years mentioned.

### FINDINGS OF FACT.

During the calendar years above mentioned, the petitioners were residents and citizens of California and were married and living with their wives. At the time required by law, each petitioner and his wife filed separate returns for the year or years involved, reporting one-half of the income of the marital community for said year or years. It is not shown whether the income reported by the wives in any year was derived from their separate property. The Commis-

[1] The following appeals were heard with the above and are decided herewith: Nicholas Alaga, No. 2489; Paul Alaga, No. 2490; M. F. Bracher, No. 6350; William M. Cannon, No. 6598; A. M. Braddock, No. 3234; E. S. Carpenter, No. 4036; Robert Behlow, No. 7105; Frank E. Wall, No. 7359; Dudley Baird, No. 8870; Guiseppe Filice, No. 2603; Hart L. Weaver, No. 6237.

sioner held that the entire income in each instance belonged to the husband and increased the income, as shown due by his return, by the amount of income reported by his wife, and computed his determination of deficiency or deficiencies as set forth above.

### OPINION.

LITTLETON: Prior to 1917 the statutes of California relating to property termed community property, provided that " the husband shall have entire management and control of the common property with the like absolute power of disposition as of his separate estate." (Section 9, Statutes 1850, p. 254.)    Section 172, Civil Code, as enacted March 21, 1872, provides as follows:

The husband has the management and control of the community property, with the like absolute power of disposition (other than testamentary) as he has of his separate estate.

By statutes 1891, p. 425, section 172 of the Civil Code was amended to read as follows:

The husband has the management and control of the community property. with the like absolute power of disposition (other than testamentary) as he has of his separate estate: *Provided, however,* that he cannot make a gift of such community property, or convey the same without a valuable consideration, unless the wife, in writing, consent thereto.

Under the statutes as they thus stood and under the provisions of the various Revenue Acts prior to the Revenue Act of 1921, the District Court for the Northern District of California, in *Robbins* v. *United States*, 5 Fed. (2d) 690, involving the question of whether the husband was liable upon the entire income for the year 1918 from community property acquired before 1917, held that the husband and wife were entitled to file separate returns, each reporting one-half of the income of the community.    This decision was reversed by the Supreme Court, and in an opinion by Mr. Justice Holmes, *United States* v. *Robbins*, 269 U. S. 315, the court said:

We .can see no sufficient reason to doubt that the settled opinion of the Supreme Court of California, at least with reference to the time before the later statutes, is that the wife had a mere expectancy while living with her husband.  *  *  *

But the question before us is with regard to the power and intent of the Revenue Act of February 24, 1919  *  *  *.    Even if we are wrong as to the law of California and assume that the wife had an interest in the community income that Congress could tax if so minded, it does not follow that Congress could not tax the husband for the whole.    Although restricted in the matter of gifts, &c, he alone has the disposition of the fund.    He may spend it substantially as he chooses, and if he wastes it in debauchery the wife has no redress.    See *Garrozi* v. *Dastas*. 204 U. S. 64.

The court held that the husband was liable for the tax upon the entire income.

On May 23, 1917, section 172 of the Civil Code of California was further amended to read as follows:

The husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate; provided, however, that he can not make a gift of such community personal property, or dispose of the same without a valuable consideration, or sell, convey, on encumber the furniture, furnishings, or fittings of the home, or the clothing or wearing apparel of the wife or minor children that is community, without the written consent of the wife. [Amendment approved May 23, 1917; Stats. 1917, p. 829.]

In the same year the following new section, designated section 172a, Civil Code (Deering's 1917 Supplement) was enacted on May 23:

The husband has the management and control of the community real property, but the wife must join with him in executing any instrument by which such .community real property or any interest therein is leased for .a longer period than one year, or is sold, conveyed, or encumbered; provided, however, that the sole lease, contract, mortgage or deed of the husband, holding the record title to community real property, to a lessee, purchaser or encumbrancer, in good faith without knowledge of the marriage relation shall be presumed to be valid; but no action to avoid such instrument shall be commenced after the expiration of one year from the filing for record of such instrument in the recorder's office in the county in which the land is situate. [New section added May 23, 1917; Stats. 1917, p. 829.]

In the same year some change was made in the inheritance tax statute (see Codes and General Laws, Deering's 1917 Supplement, p. 1284) being statutes 1917, p. 880, approved May 23, 1917, effective July 27, 1917, but in our view the inheritance tax statute has no particular bearing upon the question before us of whether the husband and wife may each make a return for federal income-tax purposes of one-half of the community income for any year.

As will be seen from the opinion of the court in *United States* v. *Robbins, supra,* it was held that, under the law of California prior to 1917, the income belonged to the husband and that Congress had not indicated any intention of taxing it to any one other than to him. It is contended here that the changes above mentioned in the California statutes gave to the wife a vested interest in the real and personal property acquired or received thereafter; that one-half of the income of the community belonged to her, and that under the provisions of section 1212 of the Revenue Act of 1926, the husband is not liable for the deficiency determination by the inclusion in the income reported by him that which was reported by the wife for the years involved. We think this contention is without merit. Whatever the situation may be in respect to whether the wife has a vested interest in community real property as relating to the question whether the whole of the real property should be included in determining the gross estate on the prior death of the husband, it seems

clear to us that, under the amendments of the California law, as well as under the prior statutes, the wife had no vested interest in the personal property, and the income here involved was personal property, but that the same belonged to the husband under section 172, approved May 23, 1917, which provided that "the husband has the management and control of the community personal property, with like absolute power of disposition, other than testamentary, as he has of his separate estate." The new section enacted May 23, 1917, and designated section 172a, Civil Code, providing that the wife must join with the husband in executing any instrument by which such community real property or any interest therein is leased, sold, or encumbered, and the new inheritance tax statute enacted May 23, 1917, providing that one-half of the community property which goes to the surviving wife on the death of the husband shall not be deemed to pass to her as heir of her husband, but shall for inheritance tax purposes be deemed to go, pass and be transferred to her for valuable and adequate consideration, do not, in our opinion, change or modify the law upon which the court in the *Robbins* case based its conclusion that the husband was liable for the tax upon the entire income; nor does the provision contained in section 1212 of the Revenue Act of 1926 change the situation. As we have pointed out, the statutes of California (Civil Code, section 172), do not give the wife a vested interest in the personal property, since the husband has the management and control and absolute power of disposition thereof, which was the situation in the *Robbins* case.

That the legislature intended, notwithstanding the provisions of the inheritance tax statute, that the husband should at all times have absolute dominion over all personal property and also the absolute power of disposition is further indicated by the amendment of 1923 (Statutes 1923, p. 30) which provides:

> Upon the death of either husband or wife, one-half of the community property belongs to the surviving spouse; the other half is subject to the testamentary disposition of the decedent, and in the absence thereof goes to the surviving spouse, subject to the provisions of section 1402 of this code.

Section 1402, Civil Code, as amended in 1923, provides that—

> Community property passing from the control of the husband, either by reason of his death or by virtue of testamentary disposition by the wife, is subject to administration, *his* debts, family allowance and the charges and expenses of administration; but in the event of such testamentary disposition by the wife, *the husband, pending administration, shall retain the same power to sell, manage and deal with the community personal property as he had in her lifetime.* (Italics ours.)

See section 172, Civil Code, hereinbefore quoted. Cf. also Opinion of the Attorney General, June 24, 1926, Treasury Decision 3891.

We are of the opinion that the decision of the Court in *United States* v. *Robbins, supra,* is applicable to the income of the community for years subsequent to May 23, 1917; that under the law of California the provisions of section 1212 of the Revenue Act of 1926 are inapplicable, and that the Commissioner's action in taxing the entire income to the husband was proper.

*Judgment for the Commissioner.*