## J. B. LILLY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5933.    Decided September 28, 1926.

COMMUNITY PROPERTY.—In 1921 the petitioner, who with his wife was domiciled in California, collected income from corporate securities which were acquired subsequent to their marriage but were kept in the wife's safe deposit box, to which he had access. *Held*, the evidence is insufficient to overcome the presumption that the securities were community property, and the income therefrom *held* taxable to the petitioner. *United States* v. *Robbins*, 269 U. S. 315; *Appeal of D. Cerruti*, 4 B. T. A. 682.

*Irving M. Walker, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1921 in the amount of $329.41. The issue raised is whether the Commissioner erred in including in income of the petitioner the income from certain securities claimed to be separate income of the petitioner's wife and which she separately reported.

FINDINGS OF FACT.

The petitioner is married and during 1921 he and his wife were domiciled in the State of California. Mrs. Lilly had been an invalid for a number of years and during this period, including the year 1921, the petitioner acted as her agent under a written power of attorney. In 1921 the petitioner collected income in the amount of $1,594.00 on securities of domestic and foreign corporations. The

securities were kept in Mrs. Lilly's safe deposit box to which the petitioner, as her agent, had access.   They were acquired subsequent to the marriage of the petitioner and Mrs. Lilly, which occurred in 1910.

In auditing the return of the petitioner the Commissioner added to the income reported the interest received on these securities in the amount of $1,594, as shown by information returns bearing the signature of the petitioner.

OPINION.

ARUNDELL: The petitioner's case is predicated on the assumption that the securities which produced income in 1921 were the separate property of the wife of the petitioner.  The Commissioner has asserted the deficiency on the assumption that the income from the securities was income to the petitioner.

The evidence shows that the securities were acquired during the existence of the marital community.

The statutes of California (section 687, Civil Code) define what is community property as follows:

Community property is property acquired by husband and wife, or either, during marriage, when not acquired as the separate property of either.

Sections 162 and 163 define the separate property of the husband and of the wife to be that which was owned by them, respectively, before marriage and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof.   Section 164 provides that:

All other property acquired after marriage by either husband or wife, or both, * * * is community property * * *.

The presumption, under these statutes, is that all property in the possession of either spouse during marriage is community property until the contrary is shown.   *Fennell* v. *Drinkhouse*, 131 Cal. 447; 63 Pac. 734; *In re Pepper's Estate*, 158 Cal. 619; 112 Pac. 62.   In *Fennell* v. *Drinkhouse, supra*, the husband sued to recover from the administrator of the estate of his deceased wife money on deposit in the name of the wife.   It is said there, in part:

This presumption can be overcome " only by evidence of a clear, certain, and convincing character establishing the contrary, and the burden of this showing rested with the parties claiming the separate character of the property.   In the absence of such proof, the presumption as to the community character was absolute and conclusive."   *In re Boody's Estate*, 113 Cal. 682, 686; 45 Pac. 858, and cases there cited.

To the same effect is the decision in the case of *In re Jolly's Estate*, 238 Pac. 353, decided July 30, 1925, where it is said:

"The disputable presumption raised by section 164, Civil Code, is a form of evidence under section 1957, Code Civ. Proc.   It may be controverted by other

evidence, direct or indirect; but, unless so controverted, the court or jury is bound to find according to the presumption." *Stafford* v. *Martinoni*, 192 Cal. 724, 221 P. 919. "The community [property] generically embraces all property belonging to the spouses, except such as the statute specifically removes from its operation. Community property is the rule, separate property the exception thereto. Hence the presumption * * * follows. * * * Ballinger on Community Property, p. 213."

\*          \*          \*          \*          \*          \*          \*

* * * The rule dominating the situation before us is well stated by the text in 31 C. J. 47, as follows:

"Since the very basic conception of the community property system is that it is a species of partnership between a husband and wife, whereby they are to share equally in the benefit and enjoyment of the results of their joint or separate industry, labor, and earning capacity, and accordingly 'separate property' is defined in terms necessarily making it an exception to the usual estate held by the members of the community, every inquiry as to whether particular property belongs to the community, or to the separate estate of one or the other members thereof, begins with a prima facie presumption that it belongs to the former, especially where the matrimonial union has continued for a considerable length of time. * * * The burden of overcoming the general presumption in favor of the community is upon the party asserting separate ownership. * * *"

The evidence in the present case, in which the property in question was acquired subsequent to marriage, does not show that it was acquired by gift, bequest, devise or descent and is therefore not sufficient to overcome the presumption that the securities from which the income was received were community property. Under the decision in *United States* v. *Robbins*, 269 U. S. 315; 46 Sup. Ct. 148, income from community property in California is taxable to the husband. See also *Appeal of D. Cerruti*, 4 B. T. A. 682. We accordingly find no error on the part of the Commissioner in including in the income of the petitioner the income received from corporate securities in 1921.

*Judgment for the Commissioner.*