L. DEVINCENZI, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20511.   Promulgated March 20, 1930.

*George E. H. Goodner, Esq.,* for the petitioner.
*R. W. Wilson, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The only question for our consideration is whether or not petitioner effectively transferred to his wife one-half of his interest in the grading contracting business so that the profits of such

one-half interest for the year 1924 became her separate property. Since income derived from real property is not involved in this proceeding, it is not necessary to determine whether the document set out in the findings of fact would effect conveyance to the petitioner's wife of an undivided one-half interest in any real property belonging to him or to the marital community consisting of the petitioner and his wife.

Under the law of the State of California, a husband and wife may enter into any engagements with each other respecting property which each might enter into if unmarried. They may thus alter their legal relations as to property and thereby change the character of their property from community to separate property. Mutual consent is a sufficient consideration for the agreement. Sections 158, 159, 160, Civil Code of California; *Wren* v. *Wren*, 100 Cal. 276; 34 Pac. 775; *Moore* v. *Crandall*, 205 Fed. 689; *Guy C. Earl*, 10 B. T. A. 723. Under the law of California, however, it is a presumption that all property acquired after marriage by either spouse is community property, except that acquired by gift, bequest, devise or descent, with the rents, issues and profits thereof, and this presumption can be overcome only by evidence of a clear, certain and convincing character establishing the contrary. *In re Boody's Estate*, 113 Cal. 682, 45 Pac. 858; *In re Pepper's Estate*, 158 Cal. 619, 112 Pac. 62; *Stafford* v. *Martinoni*, 192 Cal. 724; 221 Pac. 919; *In re Jolly's Estate*, 238 Pac. 353; *J. B. Lilly*, 4 B. T. A. 1149.

The document dated December 22, 1923, set forth in the statement of facts purports to transfer to petitioner's wife a one-half interest in his property and in the revenue derived or to be derived therefrom. It was signed by the petitioner in the presence of his wife and others. It does not appear, however, that it was ever delivered to petitioner's wife or was read by or to her. It was deposited in a safe-deposit box to which the petitioner as well as his wife and others had access. The wife, therefore, had no separate control over it. The petitioner took the document from the safe-deposit box for use at the hearing of this proceeding. At the date the document was signed the petitioner alone owned and operated the grading contracting business. On or about April 1, 1924, he sold a two-thirds interest in that business to two individuals and the business was thereafter carried on as a partnership. It does not appear that the petitioner's wife joined him in the sale of the said two-thirds interest, was consulted in regard to it, or that the petitioner acted as her agent in respect thereto. On the contrary, the evidence is to the effect that the petitioner alone sold it.

It follows that on or about April 1, 1924, the petitioner was managing the grading business and disposing of an interest in it as if it were community property and his wife was not exercising any

dominion or control over it as her separate property. There is testimony that it was stated in the income-tax return for 1924 filed by the said partnership that one-sixth of the profits of the partnership for that year belonged to the petitioner's wife, but the partnership's return itself was not produced or offered in evidence. Moreover, there is no evidence that any of the profits of the partnership were ever actually paid to petitioner's wife or deposited in any bank to her credit or paid to any person for her account.

We are, therefore, of the opinion that the evidence is not of a character clearly, certainly and convincingly establishing the contrary of the presumption that the income in question was community property. Hence, the principles stated in *United States* v. *Robbins*, 269 U. S. 315, are applicable. The petitioner had control and dominion of the whole of the income and it is therefore taxable to him.

*Decision will be entered for the respondent.*