[Civ. No. 4155. Fourth Dist. Jan. 22, 1951.]

IVAN L. PALMER, Appellant, v. HAZEL M. PALMER et al., Respondents.

Wing, Wing & Brown for Appellant.

Best, Best & Krieger for Respondents.

MUSSELL, J.—The complaint in plaintiff's action for divorce included a count in which it was alleged in substance that the defendant Hazel M. Palmer, prior to the filing of the action, in an attempt to defraud plaintiff, sold and conveyed the home and household furnishings of the spouses to defendants Weatherly for an inadequate consideration; that the Weatherlys were not bona fide purchasers of the property and had constructive knowledge of plaintiff's com-

munity interest therein. The summons was published as to the defendant wife and she defaulted in the action. The trial court gave judgment to plaintiff in the divorce action and found in favor of the Weatherlys as to the included count in the complaint. Separate judgments were entered, following which plaintiff appealed from the whole of the judgment entered in favor of the Weatherlys and from that part of the judgment of divorce which related to the disposition of funds received by the wife from the sale of the property to her codefendants.

It is stated in plaintiff's opening brief that the principal purpose of the appeal from the judgment in favor of plaintiff is "to preserve jurisdiction and to distribute community property of the parties equitably in the event the finding of the trial court that the home was the separate property of the defendant wife is held to be without evidentiary support and the adjudication that respondents Weatherly were bona fide purchasers is reversed."

The primary question for our determination is whether the evidence is sufficient to support the findings and judgment as to the defendants J. D. and Margaret Weatherly.

Plaintiff and Hazel M. Palmer were married in 1938. At that time, and at all times since, plaintiff was and has been on active duty in the Navy and necessarily did not reside with his wife most of the time. In 1943, while plaintiff was on duty in the Aleutian zone, the defendant Hazel M. Palmer entered into a contract to purchase the real property situated in Banning, California, which was later sold by her to the Weatherlys. The contract of purchase contained a recital that the purchaser was a married woman and was purchasing the premises as her sole and separate property. The deed which was executed to Hazel M. Palmer on October 10, 1943, and recorded at about the same date, also recited that the property was conveyed to her as her "sole property." The property involved consisted of approximately one acre of ground improved by two rental units with furnishings, equipment and tools. Plaintiff assisted in the construction of improvements on the premises at various times after 1943 and when away on duty, sent his wife approximately $300 per month.

On December 28, 1948, Mrs. Palmer contacted defendant Weatherly in an effort to sell the property involved and both parties inspected it together. Mrs. Palmer told Weatherly that her husband was in the Navy; that they were having

marital difficulties and that she had purchased the property from funds earned by her operating a nursing home thereon. On the day following this occasion, Weatherly consulted his attorney and was shown the agreement of sale and purchase in which the wife appeared as vendee, the deed to the property to the wife, dated October 10, 1943, and the preliminary title report, dated December 21, 1948, containing a note that the property could be conveyed by Hazel M. Palmer's signature alone. Weatherly was also shown a policy of title insurance which showed title in the same manner. He also saw the map book in the assessor's office showing that the property was assessed to Mrs. Palmer and he was told by her that she was either divorced or separated from her husband.

Weatherly then offered $8,000 for the real and personal property and Mrs. Palmer refused to accept that amount. The next day, December 30th, Mrs. Palmer came to Weatherly's office and told him she would accept the offer and Weatherly stated that it was still open, provided he could examine the contents of the houses. That evening Weatherly again inspected the premises and had a conversation with a Mrs. Kelly, one of the tenants, concerning which there is testimony that Mrs. Kelly said ''Something strange was going on and if anyone is going to sell the property, he had better look out because there is going to be trouble.'' In this connection, Mrs. Kelly testified that Weatherly stated that he was not interested in the personal affairs of the Palmers.

On December 31st, Weatherly and Mrs. Palmer met in Riverside and entered into an escrow agreement, a deed and bill of sale were executed by Mrs. Palmer and on January 3, 1949, the deed from Mrs. Palmer to Weatherly was recorded and the purchase price was paid to Mrs. Palmer less certain deductions made for the trust deed then on the property and for a tractor which was on the premises.

Plaintiff first argues that the trial court erred in refusing to permit him to give his opinion of the value of the personal property in the two rental units involved. This testimony was rejected on the theory that the plaintiff was not familiar with the property and did not know its condition. The record indicates that a portion of the furniture was purchased by Mrs. Palmer during her husband's absence; that he knew nothing about it and that he had not seen the property for approximately a year and a half. We see no error in the ruling of the court in this respect in view of the

fact that the property was sold as a unit and that evidence was introduced by a witness for plaintiff, who testified that he appraised the property in January of 1949 at the sum of $11,701.90.

It is next argued that the court erred in finding that the property was the separate property of the wife. As noted, it was acquired by defendant Hazel M. Palmer, over five years before the transaction complained of, by a deed which named her as the grantee "a married woman, as her sole and separate property." This deed was preceded by an agreement of sale which also named her as purchaser "as her sole and separate property."

Section 164 of the Civil Code provides " . . . but whenever any real or personal property . . . is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property." The presumption is that the property being so acquired was the separate property of the defendant Hazel Palmer. The presumption itself is a form of evidence. It may be controverted by other evidence, direct or indirect, but unless so controverted the court or jury is bound to find according to the presumption and it is for the court to determine whether or not the evidence against the presumption is sufficient to overthrow it. (*Stafford* v. *Martinoni,* 192 Cal. 724, 738 [221 P. 919] ; *Nichols* v. *Mitchell,* 32 Cal.2d 598, 605 [197 P.2d 550].)

In the instant case the trial court made the specific finding that the real and personal property involved was the separate property of the defendant Hazel M. Palmer. This finding was supported by competent evidence and is binding upon us. Section 164 of the Civil Code provides that the presumptions therein mentioned are conclusive in favor of any person dealing in good faith and for a valuable consideration with such married woman and the trial court found that the defendants Weatherly "purchased said property from defendant Hazel M. Palmer in good faith and for a valuable consideration, to wit: $7,875." It is apparent that a valuable consideration was given for the property in question and we find no evidence in the record indicating the "absence of good faith" on the part of the defendants Weatherly. Plaintiff's contention in this connection that defendant Weatherly was guilty of bad faith because of alleged constructive knowledge of the claimed community character of the property is untenable. The documents exhibited to Weatherly showing the condition of the title were sufficient to justify him in the

belief that the defendant Hazel M. Palmer was the owner and authorized to sell it. The trial court found that the Weatherlys were acting in good faith. This finding was supported by substantial evidence and will not here be disturbed.

Plaintiff argues that the presumption in section 164 of the Civil Code does not apply as to the personal property consisting of the household furnishings. However, the general rule is that a transfer of property by one spouse in fraud of the rights of the other will not be set aside as against the transferee who has acted in good faith and paid a valuable consideration for the transfer, even though such consideration may not be adequate. The plaintiff permitted the personalty to remain on the property which stood of record in his wife's name as her sole and separate property for over five years. He left it in her exclusive possession and control. In this connection the record indicates that as between Mr. and Mrs. Palmer, she pointed out to Mr. Weatherly certain property which belonged to her husband, including a $125 tractor, which resulted in a decrease of that amount in the purchase price.

The judgments are affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 17, 1951, and appellant's petition for a hearing by the Supreme Court was denied March 22, 1951.