[No. 14635.    Department One. — July 15, 1892.]

DELOS M. DIMMICK, ADMINISTRATOR, ETC., APPELLANT, *v.* SARAH SMITH DIMMICK, RESPONDENT.

HUSBAND AND WIFE — COMMUNITY PROPERTY — PURCHASE AFTER MARRIAGE — PRESUMPTION — BURDEN OF PROOF. — Real estate acquired by purchase during coverture is presumed to be community property, no matter whether the deed be taken in the name of the husband or wife, or both.    While this presumption is not conclusive, the burden of proof rests upon the party affirming the fact to be to the contrary, and such fact must be established by clear and convincing evidence.

ID. — SEPARATE PROPERTY — NECESSITY OF IDENTIFICATION — COMMINGLING OF FUNDS. — In order that property may maintain its status as separate property, it is not necessary that it should be preserved in specie or in kind; yet when it has undergone mutations and assumed other conditions, it is absolutely necessary, in order to maintain its character as separate property, that it be clearly traced and located; and where money belonging to the wife has been so commingled with the funds of her husband, who is an active business man engaged in numerous speculations, so that it is impossible to say that any part of it passed into a particular tract of land purchased by the husband, such tract is community property.

ID. — DELIVERY OF DEED — INTENT — RECORDING — DEATH OF GRANTEE —
SUFFICIENCY OF DELIVERY. — Where a deed of realty was delivered to
the grantee, with the intention of vesting the title thereto in the gran-
tee, the fact that the grantor requested the grantee to refrain from
recording the instrument until after the grantor's death is entirely im-
material; and the grantor's belief, that if the grantee died before the
grantor that he could conceal or destroy the deed and thereby reinvest
the title in himself, does not militate against the sufficiency of the deliv-
ery at the date of the conveyance, or destroy his clear intention to part
with the title and vest the same in the grantee.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Wells, Monroe & Lee*, for the Appellant.

All property of the wife owned by her before mar-
riage, and that acquired afterward by gift, bequest, de-
vise, or descent, with the rents, issues, and profits
thereof, is her separate property. (Civ. Code, sec. 162.)
Real property purchased during marriage with separate
funds is separate property. (*Ingersoll* v. *Truebody*, 40
Cal. 603; *Rich* v. *Tubbs*, 41 Cal. 34; *Kraemer* v. *Kraemer*,
52 Cal. 302; *Smith* v. *Smith*, 12 Cal. 217; 73 Am. Dec.
533; *Mott* v. *Smith*, 16 Cal. 534; *Ramsdell* v. *Fuller*, 28
Cal. 38; *Beaudry* v. *Felch*, 47 Cal. 183; *Martin* v. *Mar-
tin*, 52 Cal. 235; *Hutchinson* v. *Hutchinson*, 59 Cal. 313;
*Moore* v. *Jones*, 63 Cal. 12; *In re Higgins*, 65 Cal. 407.)
Or if purchased with means resulting from ordinary
management of property acquired as separate estate.
(*In re Higgins*, 65 Cal. 407.) The husband may be held
to account as trustee of the wife's separate estate. (*Sny-
der* v. *Webb*, 3 Cal. 83; *Ingersoll* v. *Truebody*, 40 Cal. 603;
*Hassey* v. *Wilke*, 55 Cal. 525; *Greiner* v. *Greiner*, 58 Cal.
115; *Hutchinson* v. *Hutchinson*, 59 Cal. 313.) No legal
presumption of the delivery of a deed arises from the
signing and acknowledgment. The party claiming un-
der it must prove its delivery. (*Boyd* v. *Slayback*, 63
Cal. 493; *Hill* v. *McNichol*, 80 Me. 209.) Acknowledg-
ment only proves that it was signed. (*Boyd* v. *Slay-
back*, 63 Cal. 493; *Jackson* v. *Leek*, 12 Wend. 105; *Jackson*

v. *Phipps*, 12 Johns. 421; *Fisher* v. *Hall*, 41 N. Y. 423; *Woodbury* v. *Fisher*, 20 Ind. 388; 83 Am. Dec. 325; *Miller* v. *Physick*, 24 Ark. 244; *Stillwell* v. *Hubbard*, 20 Wend. 44; *Prutsman* v. *Baker*, 30 Wis. 644; 11 Am. Rep. 592; *Huey* v. *Huey*, 65 Mo. 694.) Delivery is the final act, without which all other formalities are ineffectual. (*Younge* v. *Guilbeau*, 3 Wall. 641; *Brown* v. *Brown*, 76 Me. 316; *Tompkins* v. *Wheeler*, 16 Pet. 106–119; *Hill* v. *McNichol*, 80 Me. 209.) The deed must be delivered during the lifetime of the grantor; a delivery after his death will have no effect. (*Schoenberger* v. *Zook*, 34 Pa. St. 24.) To make the delivery good and effectual, the power of dominion over the deed must be parted with. (*Hibberd* v. *Smith*, 67 Cal. 551; 56 Am. Rep. 726; *Byars* v. *Spencer*, 101 Ill. 429; 40 Am. Rep. 212; *Cline* v. *Jones*, 111 Ill. 563; *Brown* v. *Brown*, 66 Me. 321; *Cook* v. *Brown*, 34 N. H. 460; *Johnson* v. *Farley*, 45 N. H. 505; *Bank* v. *Webster*, 44 N. H. 264; *Baker* v. *Haskell*, 47 N. H. 479; 93 Am. Dec. 455; *Vreeland* v. *Vreeland*, 21 Atl. Rep. 628; *Ruckman* v. *Ruckman*, 33 N. J. Eq. 354; *Terhune* v. *Olds*, 44 N. J. Eq. 146.) The deed referred to was never delivered, and the most that can be said of it is, that it might, perhaps, operate as a testamentary disposition. (See *Cline* v. *Jones*, 111 Ill. 563; *Vreeland* v. *Vreeland*, 21 Atl. Rep. 628.)

*Horace Bell*, and *Frederick Stanford*, for Respondent.

If a husband uses the property of his wife in his business, or for the support of his family, with the knowledge and assent of his wife, a gift may be inferred in the absence of a contrary agreement. (Perry on Trusts, secs. 639, 640, 666.) A trust may result, if at all, when the title passes, at the incipiency of the title. Elmer purchased with his own money,— money he had borrowed from his wife's father. (*Barnard* v. *Jewett*, 97 Mass. 87; *Davis* v. *Wetherell*, 11 Allen, 19; *Roberts* v. *Ware*, 40 Cal. 637.) The property in controversy was acquired by Elmer D. Dimmick during marriage with Julia A., and the title was taken and stood in his name

at her death, and afterwards, until he conveyed it to defendant. The burden, under such circumstances and under the allegations of the complaint, by which it is claimed as separate property of Julia, is on the plaintiff. (*Morgan* v. *Lones*, 78 Cal. 58; *Ramsdell* v. *Fuller*, 28 Cal. 42; 87 Am. Dec. 103; *Pixley* v. *Huggins*, 15 Cal. 131; *Smith* v. *Smith*, 12 Cal. 224; 73 Am. Dec. 533.) The delivery of the deed was perfect, as it appeared that it was delivered by Elmer Dimmick to the respondent, and placed among her other deeds. (See *Mowry* v. *Heney*, 86 Cal. 475; Devlin on Deeds, sec. 314.)

GAROUTTE, J. — This is an equitable action to cancel and set aside a deed of certain realty, executed by Elmer D. Dimmick to the defendant, and asking that said property be decreed to be the property of the estate of Julia A. Dimmick, deceased. Said Julia was the first wife of Elmer D. Dimmick, and it is contended by plaintiff that at the time this property was conveyed to defendant it was the property of the estate of said deceased wife Julia, by virtue of its being her separate property at the date of her death. It is further contended that the deed to the defendant was never delivered, and hence no title passed to her. Judgment went for the defendant, and this appeal is prosecuted from that judgment, and the order denying a motion for a new trial.

The deed sought to be set aside is a deed of gift made to the defendant Sarah Smith Dimmick, the second wife of Elmer D. Dimmick, and dated February 2, 1889. The finding of the court, that the realty described in this deed was not the separate property of Julia A. Dimmick, deceased, is fully supported by the evidence. It appears that she and Elmer D. Dimmick were married in Pennsylvania, nearly fifty years ago. That subsequently he received a gift of a small tract of land from his father, and that later she received some money from the estate of her father. He also obtained a loan of the sum of $1,360 from his father-in-law, which he invested in land. This indebtedness was afterwards canceled,

upon the understanding that it should be deemed as an advancement to them from her father's estate.  It is not necessary to an affirmance of the judgment in this case that we examine in detail the status of the real estate purchased by the husband with the above-mentioned funds, although it would seem that the wife's separate estate would consist of the indebtedness due to her father from the husband rather than the real estate previously purchased with the funds which created the indebtedness.

As described by one of the witnesses, the husband was an "industrious, thrifty, economical, and intelligent farmer and blacksmith."  He also traded in real estate, and whatever money his wife received by inheritance, or otherwise, passed into the common fund, and its identity forever lost in the purchase of numerous tracts of real estate, the titles to which were all taken in his name. It is unnecessary to follow in detail the migrations of these parties to Iowa, and from thence to California; it appears that the husband always had the complete and entire control and conduct of the property, selling and buying where and when he chose.  While the evidence discloses that the proceeds of the realty owned in Pennsylvania were brought to Iowa, there is no evidence that any money was brought by them to California.  It further appears that they made a deed of gift of quite a valuable tract of land to a son, and that the husband was the recipient of a gift of fifteen hundred dollars from his brother.  In addition to all these facts, there is no evidence whatever as to the source of the particular funds which paid for the land involved in this litigation.

The principle of law is established beyond question, that real estate acquired by purchase during the existence of the married relation, no matter whether the deed be taken in the name of the husband or wife, or both, creates the presumption that such property is common property.  While this presumption is not conclusive, the burden of proof rests upon the party affirming the fact to be to the contrary, and such fact must be estab.ished by clear and convincing evidence.  (*Ramsdell* v. *Fuller*,

28 Cal. 42; 87 Am. Dec. 103; *Morgan* v. *Lones*, 78 Cal. 62.) In order that property may maintain its status as separate property, it is not necessary that it should be preserved in specie or in kind; yet when it has undergone mutations and assumed other conditions, it is absolutely necessary, in order to maintain its character as separate property, that it be clearly traced and located. (*Chapman* v. *Allen*, 15 Tex. 283; *Rose* v. *Houston*, 11 Tex. 326; *Schmeltz* v. *Garey*, 49 Tex. 60.) The money expended in the purchase of the realty involved here should have been traced back to the separate estate of Julia A. Dimmick, not by way of surmises and probabilities, but by plain and connected channels. While the wife had some separate property very many years ago, at that time it passed into the hands and commingled with the funds of her husband, an active business man engaged in numerous speculations in land, so numerous and so varied that at the date of this recent transfer it is impossible to say that one dollar of the money which she received from her father's estate, or its proceeds, passed into this tract of land. The burden was upon the plaintiff to make the proof, and thus overcome the presumption which is indulged in by the law; he has failed to do so, hence the finding of the court cannot be disturbed.

The evidence fully supports the finding that the deed was delivered by the grantor to the defendant. It was clearly his intention to vest the title of the realty in her, and the fact that he requested her to refrain from recording the instrument until after his death was entirely immaterial. Conceding he believed that if she should die first he could conceal or destroy the deed, and thereby reinvest the title in himself, still such fact does not militate against the sufficiency of the delivery at the date of the conveyance, or destroy his clear intention to part with the title and vest the same in her.

Let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.