[Sac. No. 424.  Department One.—November 19, 1898.]

LIZZIE B. DAVIS, Appellant, v. J. W. GREEN, Respondent.

HUSBAND AND WIFE—COMMUNITY PROPERTY—CROP RAISED ON LAND LEASED BY WIFE.—A crop raised on land leased by a wife in her own name, from seed barley for the price of which she gave her promissory note, but which was bought by the husband in her name, and was planted under his personal superintendence, is community property, and subject to execution for the husband's debts, in the absence of an agreement between them that the crop raised on the leased land should be the separate property of the wife.

ID.—PRESUMPTION—BURDEN OF PROOF.—All property acquired after marriage by either husband or wife, otherwise than by gift, bequest, devise, or descent, is presumed to be community property; and the burden is upon the party claiming that it is separate property to prove it to be such by clear and convincing evidence.

EVIDENCE—HARMLESS RULING—APPEAL.—The admission of irrelevant and immaterial evidence is harmless, and not ground for reversal upon appeal, if the appellant could not have been prejudiced by it; and the result would have been the same, if it had been excluded.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial. W. M. Conley, Judge.

The facts are stated in the opinion.

Searles & Child, for Appellant.

Francis A. Fee, for Respondent.

BELCHER, C.—This is an action to recover the possession or value of six hundred and ten sacks of barley, which were levied upon and sold by the defendant, as constable, to satisfy a judgment against one W. E. Davis, the husband of plaintiff. The plaintiff claims that the said barley was her separate property, and as such was not liable for the debts of her husband. The defendant denies that the barley was the separate property of the plaintiff and alleges that it was the community property of herself and husband.

The case was tried by the court without a jury, and the findings and judgment were in favor of the defendant. From that

judgment and an order denying a new trial the plaintiff appeals.

The only question presented is, Was the finding that the barley was community property justified by the evidence?

Mr. and Mrs. Davis were married in 1892, and thereafter, up to the time of the trial, continued to live together as husband and wife. At the time of the marriage Mrs. Davis had no property, real or personal. In 1894 Mr. Davis was insolvent, and in the fall of that year Mrs. Davis thought she would engage in some farming business in her own name. To that end she leased certain land and bought seed barley of a Mr. Scheffing to plant upon it, for the price of which she gave him her promissory note. The seed barley was planted, and in June, 1895, the crop was harvested, the six hundred and ten sacks in controversy being a part of that crop.

Mrs. Davis, as a witness in her own behalf, testified: "Mr. Davis and Mr. Scheffing did the work in planting the crop under my direction. Mr. Davis bought the seed grain for me, under my direction, from Mr. Scheffing. I have not paid for it; I gave Mr. Scheffing my note for it in the amount of two hundred and fifty dollars; I signed and delivered the note to Mr. Scheffing in payment for the seed which I bought from him; the seed for which I gave my note is the same seed that was planted on the land referred to; the note has not yet been paid; Mr. Healy and Mr. Dyer harvested the crop. I agreed to pay them, but have not done so yet. . . . . I planted the barley because Mr. Davis intended to go away, and he and I talked it over and we both thought I had better have it in my own name, and he told me to do just as I pleased about it; there was other barley harvested, besides this six hundred and ten sacks, which I sold; I took the funds and used them as my own money; there were about twelve hundred sacks raised in the entire crop, and one-fifth went for rent; there were somewhere near three hundred sacks which I disposed of by sale myself; I used the money realized from the barley sold; I used it in the house for living. . . . . I had Mr. Davis help put this barley in; he and Mr. Scheffing did the work; my husband did the work in the field and I did the work in the house, . . . . all these acts which Mr. Davis performed I had him do; I authorized him to act as my agent in all these matters."

The above is in substance all the evidence on which appellant's claim, that the crop of barley raised was her separate property, is based. And in support of this claim the case of *Wren v. Wren*, 100 Cal. 276, 38 Am. St. Rep. 287, is cited and relied upon.

In that case the plaintiff, who was a married woman and living with her husband, brought the action to recover for personal services rendered by her as nurse to the defendant, who was an inmate of their house, neither she nor her husband, however, being under any natural or legal obligation to care for him without charge. And, prior to the rendition of the services mentioned, it was orally agreed between plaintiff and her husband that she should have and receive all moneys earned by her in nursing defendant as her sole and separate property.

The right of the plaintiff to recover was upheld by this court, and it was said that under the provisions of sections 158 and 159 of the Civil Code "there can be no doubt that a husband and wife may agree between themselves, without any other consideration than their mutual consent, that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation shall belong to her as her own."

Obviously, that case is not in point here. In this case it does not appear that there was ever any agreement between the plaintiff and her husband that the crop raised on the leased land should be her separate property. She simply stated that she planted the barley "because Mr. Davis intended to go away, and he and I talked it over and we both thought I had better have it in my own name." This is entirely consistent with the idea that they so thought because, during his expected absence, she could manage the business better if it was conducted in her own name, but it comes far short of constituting an agreement that the proceeds of the business should be her separate property. Besides, Mr. Davis did not go away, but remained and took full charge of the work. He "did the work in the field," and she "did the work in the house."

In this state all property acquired after marriage by either husband or wife, except that acquired in certain specified ways, of which this is not one, is presumed to be community property,

and the burden is upon the party claiming that it is separate property to prove it to be such by clear and convincing evidence. (*Meyer v. Kinzer,* 12 Cal. 248; 73 Am. Dec. 538; *Morgan v. Lones,* 78 Cal. 58; *Dimmick v. Dimmick,* 95 Cal. 323; *Jordan v. Fay,* 98 Cal. 264.)

Under the showing made here it must, therefore, be held that the seed barley purchased and the crop raised therefrom were community property and liable for the debts of the husband.

The point is made that the court erred in admitting in evidence, over the objection of plaintiff, the proceedings in insolvency on the part of Davis, filed June 24, 1895, and showing him to be indebted to various persons in the aggregate sum of six thousand five hundred and eighty-one dollars and thirty-eight cents. But, conceding that this evidence was irrelevant and immaterial, still we fail to see that the plaintiff was or could have been prejudiced by it. If it had been excluded, we think the result of the trial must have been the same.

The judgment and order appealed from should be affirmed.

Britt, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Garoutte, J., Van Fleet, J.