[S. F. No. 1856.   Department One. — October 26, 1901.]

JULIA C. ROWE, Administratrix, etc., Appellant, v. HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent.

Husband and Wife — Community Property — Presumption — Burden of Proof. — All property acquired after marriage by either husband or wife, not included in the statutory exceptions, is presumed to be community property, and whether it has undergone changed conditions or not, the burden of proof is upon the party claiming it to be separate property, to establish that fact by clear and convincing evidence, and the separate property must be clearly traced and located, by plain and connected channels, and not by way of surmises and probabilities.

Id. — Construction of Code — Power of Married Women — Rule as to Community Property not Affected. — Section 575 of the Civil Code, providing that " married women and minors may, in their own right, make and draw deposits and draw dividends, and give valid receipts therefor," does not repeal or abrogate or in any way affect the rule established by section 164 of the Civil Code, concerning the community property of the husband and wife.

Id. — Repeal by Implication. — The repeal of a law by implication is not favored; and it requires language of unmistakable meaning, or a direct statutory enactment, to accomplish a repeal.

Id. — Deposit in Bank by Wife — Action by Administratrix against Bank — Evidence — Former Judgment in Favor of Husband — Error without Prejudice. — In an action by the administratrix of the deceased wife to recover a deposit made in a bank in the name of the wife, evidence of a former judgment against the bank, in favor of the husband, is not admissible; but where the evidence is full as to the history of the account kept by the deceased wife, and sustains the findings that the money left in the bank was community property, the plaintiff could not be prejudiced by the admission of such judgment in evidence.

Id. — Will of Wife not Admissible Evidence. — The will of the deceased wife, disposing of the amount deposited in bank, together with other property, is not admissible in evidence against the defendant. Declarations in her will, made without the knowledge of her husband, were not competent proof that the property was her separate property.

Id. — Testimony of Husband — Impeachment — Rebuttal. — Where the husband testified for the defendant that he did not know until after his wife's death that she had a bank account, testimony in rebuttal, relative to a statement made by him on the morning after her death, that she kept her own bank account, is not admissible as impeaching testimony, where no foundation was laid therefor, and plaintiff could not be prejudiced by a ruling excluding the evidence as rebuttal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   Edward A. Belcher, Judge.,

The facts are stated in the opinion.

T. Z. Blakeman, for Appellant.

Tobin & Tobin, for Respondent.

CHIPMAN, C.—Action for the recovery of money alleged to have been on deposit with defendant, belonging to plaintiff's testate at her death.   Defendant had judgment, from which and from the order denying motion for new trial plaintiff appeals.   The court found the following facts: That decedent intermarried with John Nicholson, November 22, 1877, and they lived together as man and wife until her death, May 20, 1894; decedent's name at the marriage was Hannah Lane (she being then the widow of one Michael Lane), and at that time, —to wit, November 22, 1877—she had on deposit with defendant the sum of $796.70, which remained on deposit subsequent to her marriage, and together with accrued interest amounted on April 30, 1884, to $1,100.05, which last-named sum was her separate property; that she continued to make deposits after said marriage, in the name of Hannah Lane, which were, at her request, entered in her pass-book used prior to her marriage with Nicholson; and the court found that such deposits after marriage "were the community property and earnings of the said decedent and her said husband"; that on April 30, 1884, aforesaid, decedent "withdrew from the sums deposited by her with defendant society under the name and designation of Hannah Lane, as aforesaid, the sum of $2,100," which included the said sum of $796.70 and its accumulations to the time of marriage, aggregating, as aforesaid, the sum of $1,100.05 on April 30, 1884; that after said withdrawal of said $2,100, all sums remaining on deposit or thereafter deposited by decedent in the name of Hannah Lane belonged to the community, being the earnings and savings from the labor and business of her husband, John Nicholson; that all the money deposited by her under the name of Hannah Lane from November 22, 1877, continuously to the date of her death, were community property of decedent and her said husband, Nichol-

son, including the money sued for in this action.   Judgment was accordingly entered in favor of defendant.

. Appellant's contention is, that the findings are not justified by the evidence.   This claim is, to some extent at least, dependent upon appellant's further contention, that, under the provisions of section 575 of the Civil Code, money deposited by a married woman to her own account in a savings bank is presumptively her separate property.   The section reads: "Married women and minors may, in their own right, make and draw deposits and draw dividends, and give valid receipts therefor."   It has been held by this court in many cases, and from an early period, that all property acquired after marriage by either husband or wife, except acquired in certain ways, not applicable to the case here, is presumed to be community property, and the burden is upon the party claiming that it is separate property, to prove it to be such by clear and convincing evidence (*Davis* v. *Green,* 122 Cal. 364, and cases cited); and if the property has undergone changed conditions, the burden of proof is the same, and the proof must be of the same certain and convincing character (*Dimmick* v. *Dimmick,* 95 Cal. 323); and it was there said that the property must "be clearly traced and located, . . . not by way of surmises and probabilities, but by plain and connected channels."   The recent case of *Fennell* v. *Drinkhouse,* 131 Cal. 447,[1] was much the same as the one at bar, the difference being in the parties to the action. The same savings society had paid over money, on deposit in the name of Fennell's wife, to the administrator of her estate, and the husband brought the action against the administrator of her estate, alleging that the money received by the defendant was community property.   It was there said: "All the money found in the bank, received by the administrator, was deposited after the marriage of plaintiff and Mrs. Fennell, and the presumption therefore was, in the absence of other evidence, that all of it was community property, and the burden of proof was upon appellant."   It is true that section 575 of the Civil Code, relied on by appellant, was not cited in that case; but we find nothing in the language of the section warranting us in holding that it repealed section 164 of the Civil Code, or abrogated the rule so long and so firmly settled in this state. It simply provided that married women and minors might do

[1] 82 Am. St. Rep. 361.

certain things in their own right, which ordinarily they would be disqualified from doing, but it does not purport to repeal or change any pre-existing statute, nor does it change the *status* of property deposited by the wife in her own name after marriage. The section does not seem to me even to imply a repeal of section 164 of the Civil Code, and if it did, the rule is, that the repeal of a law by implication is not favored. It would require language of unmistakable meaning, or a direct statutory enactment, to accomplish a repeal. (*Capron* v. *Hitchcock,* 98 Cal. 427.)

It would subserve no useful purpose to state the evidence. We have given it careful consideration, and are of the opinion that plaintiff failed to show by clear and convincing evidence that the money now claimed was the separate property of decedent at her death, or at any time during her marriage with Nicholson. The evidence showed that she had separate property when she married him, but we think there was evidence to support the finding of the court as to what became of it, and as to the character of her subsequent deposits.

2. The court admitted in evidence for defendant the judgment roll in an action brought by Nicholson against this defendant (which was an action to recover the same money here involved), in which Nicholson had judgment. Plaintiff objected to the evidence as irrelevant and immaterial, and now urges the ruling as error. We cannot see that this evidence was at all material under the issues. Plaintiff was not a party to that suit, and judgment in it settled no right of plaintiff to the money. Respondent states that the only purpose of the evidence was to show diligence on its part, and was offered for that specific purpose, as the record shows, and not to establish the character of the fund. We fail to see why respondent was called upon to show diligence. There was no obligation resting upon it to move in the matter until the money was demanded, and diligence in answering Nicholson's suit had no bearing on plaintiff's suit subsequently brought. The evidence, however, was full as to the history of the account kept by decedent with the savings society, and as to the character of the money in question. In no phase of the case can we see that this judgment roll could have prejudiced plaintiff, or that it had the slightest influence with the court.

3. Plaintiff offered in evidence the will of Mrs. Nicholson,

made in 1894, in which she disposed of certain real property, and the money standing to her credit with defendant. On defendant's objection, the evidence was refused. The ruling was not error. Declarations made in the will, and without the knowledge of her husband, were not admissible to prove that the property was separate.

4. Witness Nicholson testified for defendant that he did not know until after his wife's death that she had a bank account. Plaintiff called a witness in rebuttal, who was asked if Nicholson did not, on the morning after Mrs. Nicholson's death, say to witness that his wife was a peculiar woman; that she collected her own rents, paid her taxes, and kept her own bank account. Defendant objected, on the ground of immateriality, and that it was not proper rebuttal, and not competent to contradict or impeach Nicholson. As impeaching evidence there was no foundation laid for it, and as rebutting Nicholson's statement it would have added nothing, for he stated that he did not know of the bank account until after his wife died. Plaintiff could not have been prejudiced by the ruling; if the question had been answered as expected by counsel, the answer would have been what Nicholson already had testified to.

We discover no error in the record, and advise that the judgment and order be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.