[S. F. No. 2501. Department One.—March 11, 1903.]

## LEMUEL PEISER, Respondent, v. W. B. BRADBURY, Appellant, and GEORGE H. BUCKINGHAM et al., Respondents.

HUSBAND AND WIFE—CONTRACT OF SALE TO WIFE—COMMUNITY PROPERTY — VOID DEED OF WIFE — ASSIGNMENT — PRESUMPTION. — The presumption of separate property arising under a conveyance to a married woman in favor of a *bona fide* purchaser from her, by the terms of section 164 of the Civil Code, has no application to a mere contract of sale in favor of a married woman; and a conveyance by her of the lot contracted for can at most only operate as an assignment of the contract, and is void where the payments made were from community funds. Where the grantee paid no part of the unpaid purchase money, and the residue thereof was wholly paid by the husband, after subsequent assignment of the contract by the wife to the husband, the husband is entitled to receive the conveyance of title from the vendor, or his heirs, to the exclusion of the wife's grantee.

ID.—POSSESSION OF HUSBAND—ADVERSE POSSESSION.—Where the husband has been continuously in possession of the purchased lot during all of the times mentioned in his complaint, the grantee of the wife could not have acquired title thereto under the wife's deed by adverse possession.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

E. C. Chapman, for Appellant.

Devoto & Richardson, W. A. Richardson, and Richardson & Long, for Lemuel Peiser, Respondent.

Gunnison, Booth & Bartnett, for Defendants, Respondents.

HAYNES, C.—This appeal is from the judgment upon the judgment-roll alone. Mrs. Peiser, wife of the plaintiff, on May 1, 1889, purchased from J. Fisher Smith two lots in the city of San Francisco, for the price of seven hundred dollars each, and paid in full for one of the lots, and received a deed conveying that lot to her, and a contract to convey the other

upon payment of the several installments of purchase money stated therein.

On June 21, 1889, she executed to one Griffin a deed purporting to convey to him both lots, and on June 24, 1889, Griffin executed a deed to defendant Bradbury, purporting to convey both lots. Griffin paid no consideration for the conveyance to him, but Bradbury paid to Griffin five hundred dollars as the consideration for his conveyance. Neither Griffin nor Bradbury ever paid anything to Smith or to any one upon the contract for the second lot. No further reference need be made to the first lot (which was paid for and conveyed to Mrs. Peiser), as respondent concedes, or at least acquiesces in the conclusion that his claim thereto is barred by the statute of limitations, so that what is said hereafter relates solely to the second lot, unless the first is specially referred to.

The assignment of the contract for the second lot was made by Mrs. Peiser to the plaintiff, who paid to Smith the money due under said contract in full, and demanded a deed therefor, which his heirs at law (he having died, and his estate having been distributed to them) were ready to make when it should be determined who was entitled thereto.

The court, in addition to the foregoing facts, found that all the money paid for both lots was paid by the plaintiff out of moneys earned by him after his marriage to Mrs. Peiser; that he had been in possession of the property during all the times mentioned in the complaint; that Bradbury was not a *bona fide* purchaser, but took the conveyance thereof with notice of the plaintiff's rights thereto; that he paid nothing towards the fulfillment of said contract; and that at the time he took said conveyance no part of the purchase price had been paid.

The heirs of Smith were made defendants, and answered that they were ready to convey as the court should direct, and do not appeal.

The only question necessary to be considered is presented by appellant's demurrer to the complaint, upon the ground that plaintiff's action is barred by section 164 of the Civil Code.

Said section as it existed at the date of said contract (May 1, 1889), so far as material, was as follows: "Whenever any

property is conveyed to a married woman by an instrument in writing, the presumption is, that the title is thereby vested in her as her separate property. . . . The presumption in this section mentioned is conclusive in favor of a purchaser or encumbrancer in good faith and for a valuable consideration.'' (Stats. 1889, p. 328.) The subsequent amendments (Stats. 1893, p. 71, and Stats. 1897, p. 63) add some other provisions which need not be quoted at length. They relate to cases where married women have conveyed real property which they acquired prior to May 19, 1889, and bar the husband or his or their heirs or assigns from commencing any action to show that such real property was community property, or to recover the same, from and after July 1, 1894.·

The contract to purchase said lot, executed by Smith, was not a *conveyance.* It is from *''conveyances''* alone the presumption arises that *''title''* is vested in a married woman as her separate property, and such presumption, when it arises, is conclusive only ''in favor of a purchaser or encumbrancer in good faith, and for a valuable consideration,'' and the court found that appellant, Bradbury, received the conveyance from Griffin with the full knowledge that said property was not the property of Minnie M. Peiser, and that she was a married woman, and, further, that he was not a *bona fide* purchaser without notice of plaintiff's title. Besides, it is clear that the deed executed by Mrs. Peiser to Griffin conveyed no title to the second lot. At the most it could only operate as an assignment of the contract which was wholly unperformed, and there is no pretense that either Griffin or appellant ever paid any part of the purchase money therein agreed to be paid, or obtained possession under it.

The reference made by appellant to the case of *Peiser* v. *Griffin,* 125 Cal. 9, is wholly outside of the record, nor is there any conflict with that case upon any question of law discussed herein. The property in question in that case was the same as in this, and it was there held that ''if the property was community property, the legal title remained in the husband, notwithstanding that the deed was taken in the name of the wife, and the wife could not pass title to it. An attempt of the wife to dispose of community property is a nullity.'' And as the court found that plaintiff had been in

possession during all the times mentioned in the complaint, Bradbury could not have acquired title by adverse possession. The judgment appealed from should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Lorigan, J., Angellotti, J.