[Civ. No. 8271. First Appellate District, Division One.—April 18, 1932.]

ADA L. HIATT, Respondent, v. A'. M. SEYSTER, Appellant.

W. W. Kaye for Appellant.

Bonelli & Miller, Maurice J. O'Brien and Arthur E. Briggs for Respondent.

KNIGHT, J.—During the year 1923 the respondent Ada L. Hiatt, a married woman, acquired by grant deed as her separate property certain premises which thereafter continued to stand of record in her name. In July, 1927, the appellant Seyster obtained a money judgment against respondent's husband and in July, 1928, levied upon and caused to be sold at execution sale the real property above mentioned; whereupon respondent brought this action to quiet title thereto. The determinative issue in the case was whether the property was separate or community property; and the trial court found that it was respondent's separate property. Judgment was entered accordingly in respondent's favor, from which Seyster appealed.

Appellant concedes that the evidence in the case is without dispute and that therefore the appeal involves merely the legal construction of the evidence. It appears therefrom that the property in question was conveyed to respondent in exchange for equities in two parcels of land which she was then purchasing in her name under two installment contracts entered into after marriage. The first contract was executed during the year 1921, and pursuant to its terms respondent made an initial payment thereon of $100. The second contract was entered into some time afterward, and respondent made an initial payment thereon of $175. The total amount of the monthly installments called for by the two contracts was $60, and up to the time the exchange was consummated the installments were entirely taken care of out of the rentals received from the improvements on the properties, amounting to $75 a month. The $100 paid by respondent as the down payment on the first contract was admittedly her separate property, the same being part of the proceeds received by her from the sale of her separate property in Northampton, Massachusetts; and the $175 paid as the down payment on the sec-

.ond contract was admittedly received by respondent from her sister, Miss Loring; and the trial court found that it was a gift from Miss Loring to respondent. Section 162 of the Civil Code provides that "All property of the wife, owned by her before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof is her separate property"; and applying those code provisions to the facts above set forth the trial court held that the property in suit was acquired by respondent with her separate property and therefore was her separate property.

Appellant contends that the transaction involving the receipt of the $175 by respondent from her sister should be construed as a loan and not as a gift, and that therefore the interest acquired in the property in which that money was invested was a community interest. (*Schuyler* v. *Broughton*, 70 Cal. 282 [11 Pac. 719]; *Moulton* v. *Moulton*, 182 Cal. 185 [187 Pac. 421].) But all of the testimony given upon that subject was to the contrary. Both respondent and Miss Loring testified that it was intended as and understood by them to be a gift and not a loan. In support of her claim in this regard Miss Loring stated that their mother died when they were quite young; that being the older she assumed a mother's attitude toward her sister; that after her sister married and became the mother of three children she was anxious that her sister "should have her own separate property"; that she, Miss Loring, had no home of her own, never expected to be married, and believed that as long as she lived she would make her home with her sister; that consequently when she gave the money to her sister she never expected her to return any part of it; that there "was a very strong bond of love" between them; that they were more like mother and daughter. She further stated that both before and after the payment of the $175 in question she has given to her sister at various times extending over a number of years other sums of money amounting in all to some $2,500. It is evident that the foregoing uncontradicted testimony is amply sufficient to sustain the trial court's conclusion that the $175 was intended as and constituted a gift and not a loan, and that therefore the interest acquired in the property in which the gift was invested was respondent's separate

property. (Civ. Code, sec. 162; *Helm* v. *Martin,* 59 Cal. 57.)

The premises in suit contained a number of acres, and appellant calls attention to certain testimony showing that some time after the premises were conveyed to respondent she handed to her sister a memorandum to the effect that in the event the premises were subsequently sold her sister "was to have two acres, or its equivalent". But fairly construed the transaction mentioned cannot be said to be inconsistent with the theory of a gift for, as explained by Miss Loring, respondent gave her the memorandum "of her own volition", saying, as she did so, that she felt it was only right that she, Miss Loring, should have the equivalent of two acres, if the property were afterward sold. In any event the effect of the transaction was clearly a matter for the trial court to determine along with the other facts of the case.

Section 164 of the Civil Code as in force at the time these transactions took place read in part as follows: "All other property acquired after marriage by either husband or wife, or both, . . . is community property; but whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property." In connection therewith appellant cites the case of *Peiser* v. *Bradbury,* 138 Cal. 570 [72 Pac. 165], to the effect that the application of the presumption of separate property created by the latter clause of. said code section is restricted to property "conveyed" to a married woman and that it does not apply to property which she has merely contracted to purchase; and he argues, therefore, that despite the fact that the money invested in the properties covered by the two contracts of purchase may have been, as the trial court found, her separate property, the presumption of separate property declared by the latter clause of section 164 was not available in determining the title to the equities acquired under said contracts; and that such being the case, the contracts having been entered into during marriage, the equities in the properties acquired thereunder were presumed under the opening clause of section 164, to be community property, citing *Davis* v. *Green,* 122 Cal. 364, [55 Pac. 9]. We find no merit in the point. Sections

162 and 164 must be read together; and it will be noted from the wording of the opening clause of section 164 upon which appellant relies that the presumption of community property arising therefrom relates to "all *other* property acquired after marriage" (italics ours), that is, to all property other than that acquired in the manner set forth in section 162 (and section 163, which applies to the husband's separate property); and in the present case, as already shown, the uncontradicted evidence proves and the trial court found that the equities in the property covered by the two contracts were acquired in the manner set forth in section 162, which necessarily excludes the same from the operation of the presumption arising out of the opening clause of section 164. ■ Moreover and in any event, appellant concedes that the presumption of community property arising from the first clause of section 164 is a disputable one; and that being so it requires no discussion to demonstrate that the uncontradicted testimony above mentioned was amply sufficient to overcome any such presumption.

■ The record further shows that the deed to the property in suit was dated August 14, 1923, and recorded August 18, 1923; that in July, 1923, respondent's husband made a grant deed, and in July, 1925, a quitclaim deed of the property to respondent; and that approximately two years thereafter, to wit, in July, 1927, appellant obtained his judgment against respondent's husband. In view of these facts appellant contends that the deeds from Hiatt to his wife were made for the purpose of defrauding his creditors. In reply respondent asserts that they were made merely to facilitate the obtaining of loans on the property. The established fact is, however, that at no time did Hiatt ever have any interest in the property to convey; consequently the purpose of making said deeds is a matter of no consequence.

Nor do we find any merit in appellant's objection to the sufficiency of the findings, nor in his assignment of error relating to the ruling of the trial court on the admissibility of certain evidence. The essential facts upon which the trial court based its legal conclusion that the property in suit was separate property are specifically set forth in the findings; and the financial transactions which took place

between Miss Loring and Hiatt were entirely foreign to any questions of title here involved.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.