### GOOLD v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 12296.

United States Court of Appeals
Ninth Circuit.

May 4, 1950.

574

Lafayette J. Smallpage, Stockton, Cal., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Edward J. P. Zimmerman and Robert M. Weston, Sp. Assts. to Atty. Gen., for respondent.

Before B O N E, Circuit Judge, and GOODMAN and MATHES, District Judges.

GOODMAN, District Judge.

The propriety of respondent Commissioner's determination that the petitioner received a partnership interest from his father by gift rather than by sale, is the issue tendered by this appeal from the Tax Court's decision, affirming respondent's determination.

Respondent assessed income tax deficiencies for the year 1943 against petitioner upon the theory that a partnership interest transferred by his father to petitioner was a gift and hence his separate property,

making the income therefrom separate property.[1] The petitioner treated his income from the partnership as community property of himself and his wife and reported it as such. He was correct in so doing if the partnership interest was sold and not given to him.[2]

Father Goold conducted a general contracting business in Stockton, California. In January of 1943 he transferred a half interest therein to petitioner. Petitioner paid for it by his promissory note in the sum of $100,000, payable without interest and out of 25% of petitioner's share of future earnings of the partnership. The record shows payments to have been made on the principal amount of the note, evidenced by endorsements on the back thereof. The transfer of the partnership interest to the son was documented in a bill-of-sale detailing the transferred assets, taken from the books of the business. The testimony of both father and petitioner was to the effect that both intended what the documents of transfer plainly showed on their face, namely, a sale.

█ The Tax Court and respondent's counsel, at the trial, interrogated and cross-examined both the father and petitioner with the obvious object of discovering a secret intent to consummate a gift rather than a sale. The Tax Court found that the father intended to make a gift and that the transaction was therefore a gift and not a sale. This was upon the erroneous assumption that the intent of the father was conclusive in determining the nature of petitioner's subsequent income. The assumption so made would have been proper if the tax incidents of the transfer itself were in issue. If the father had intended to make a gift but concealed his gratuity in the habiliments of a sale to escape gift taxes, obviously intent would be determinative.[3] In

1. California Civil Code, § 163.

2. California Civil Code, §§ 164, 687.

3. This case is wholly dissimilar to such cases as Commissioner v. Court Holding Co., 324 U.S. 331, 65 S.Ct. 707, 708, 89 L.Ed. 981 and U. S. v. Cumberland Public Service Company, 338 U.S. 451, 70 S.Ct. 280, where there were "mere
formalities designed 'to make the transaction appear to be other than what it was,' *in order to avoid tax liability.*" (Emphasis supplied.) In this case, the Tax Court made no finding in form or effect that the transfer from father to son was by way of avoidance of tax liability. All it did was to say that the transfer was a gift and not a sale.

that event, the factual finding of the Tax Court would, upon such an issue, be unassailable here, unless clearly erroneous.[4] But it is income taxes upon earnings of the partnership after the transfer that are here involved and *not* taxes incident to the sale such as gift taxes.

■ Under existing law, the father had complete freedom, at least up to the date of this writing, to transfer his property in any way he saw fit. So far as the disputed income tax deficiencies are concerned, whether or not the sale was an improvident transaction, is not of the business of the tax collector. The tax collector's apparent opinion that the father should not have sold valuable property to his son without a cash consideration, or that he should hot have taken in payment a note payable out of future profits, is utterly immaterial.

It was not claimed at any stage of the tax proceeding, nor is there the slightest evidence in the record to the effect that the father fraudulently concocted the sale transaction in order to vest property in the son as of the community for the purpose of escaping taxes on some future income, *the extent or even the existence of which was completely unknown at the time!*

■ There is no doubt that in order to determine the correct nature of property, the income of which may be taxable in more than one way, the Commissioner may and should examine the transaction by which the taxpayer acquired the property. But in such a case, the intent of the parties is not conclusive, taxwise, as to the character of the transaction. It is what they did that counts. Commissioner v. Tower, 327 U.S. 280, 289, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135; Superior Oil Co. v. State of Mississippi, 280 U.S. 390, 395-396, 50 S.Ct. 169, 74 L.Ed. 504.

■ Under California law by which the legal effect of the transaction here involved is to be governed, a transfer in the form of sale could constitute a gift if the statutory elements of a gift were present and it "was intended to operate as a gift." In re Hall's Estate, 154 Cal. 527, 98 P. 269, 271; Hiatt v. Seyster, 122 Cal.App. 612, 10 P.2d 473; Helm v. Martin, 59 Cal. 57.

■ The record here conclusively shows that not all of the statutory elements of a gift required by California law were present. Therefore the Tax Court's finding that the father intended to make a gift was "clearly erroneous."

■ Clearly no intent to avoid income taxes inheres at all in the transfer here made. For the way was clear for petitioner, even if the transfer were a gift, to forthwith convert the property, under California law,[5] into community property by agreement between himself and his wife. Since intent to evade income taxes can have no possible bearing upon the sale from father to son, there is no justification for holding the transaction to be a gift.

One other matter requires consideration.

■ The Commissioner disallowed a deduction claimed, in computing victory tax income for the year 1943, for income taxes paid the State of California. The Tax Court upheld the Commissioner. In this action it was right. The deductions allowable in this connection are only those "incurred in connection with the carrying on of a trade or business." Revenue Act of 1942, § 172(a), Int.Rev.Code, § 451(a) (3), 26 U.S.C.A.Int.Rev.Acts, page 262. Personal income tax is not so incurred.

Except as to its disallowance of the deduction for California Income Taxes, the decision of the Tax Court is reversed.

---

4. § 1141 (a), Internal Rev. Code, as amended, 26 U.S.C.A. § 1141 (a); Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. Grace Bros. v. Comm., 9 Cir., 173 F.2d 170.

5. Estate of Watkins, 1940, 16 Cal.2d 793, 108 P.2d 417, 109 P.2d 1; Title Insurance and Trust Co. v. Ingersoll, 1908, 153 Cal. 1, 94 P. 94; Yoakam v. Kingery, 1899, 126 Cal. 30, 58 P. 324; United States v. Pierotti, 9 Cir., 1946, 154 F.2d 758; O'Bryan v. Commissioner, 9 Cir., 1945, 148 F.2d 456.