[Civ. No. 26567. Second Dist., Div. Three. Mar. 18, 1963.]

Estate of RUTH M. CLINE, Deceased. CLIFFORD H. CLINE, Claimant and Respondent, v. LAVERNE SCHOONOVER et al., Claimants and Appellants.

Heily & Herman and Neil D. Heily for Claimants and Appellants.

Easton & Gould, David V. Easton and Morton H. Gould for Claimant and Respondent.

FILES, J.—This appeal involves the sufficiency of the evidence to support a finding that certain property had been the community property of the decedent and her predeceased husband so as to make it pass to the latter's son under Probate Code, section 228.

The decedent, Ruth Cline, was a childless widow who died intestate. Her husband, James Cline, had died in 1942. The estate of Ruth included a residence on Victoria Avenue which had been held in joint tenancy with her husband, James, while he was alive. Respondent, Clifford Cline, who is the son of James by an earlier marriage, petitioned the court for a decree determining his interest in Ruth's estate. Appellants, who are the blood relatives of Ruth, appeared in opposition. After a trial without a jury the court made a finding that the Victoria Avenue property had been the community property of the decedent and her predeceased spouse. Upon this finding the court decreed that said property passed by succession to respondent, Clifford Cline. The judgment awarded other property to appellants. This appeal is only from the portion of the judgment which was in favor of respondent.

If the property in question had its origin in the community property of James and Ruth, then Clifford, as the son of James, inherited it under Probate Code, section 228. If the property was originally the separate estate of James, then Clifford takes it under Probate Code, section 229.

■■ The fact that the property was owned by Ruth and James as joint tenants at the time of James' death is not controlling. "In determining the character of property for the purpose of applying sections 228 and 229 of the Probate Code, it is the source of its acquisition, and not the nature of its ownership immediately before death, which is controlling." (*Estate of Reizian*, 36 Cal.2d 746, 749 [227 P.2d 249].) For other examples of the application of this rule, see *Estate of Allie*, 50 Cal.2d 794 [329 P.2d 903]; *Estate of Abdale*, 28 Cal.2d 587 [170 P.2d 918]; *Estate of Rattray*, 13 Cal.2d 702 [91 P.2d 1042]; and *Estate of Brenneman*, 157 Cal.App.2d 474 [321 P.2d 86]. To avoid confusion, it is important to note that none of these cases turns upon any

distinction between the record title and the actual ownership, as in such cases as *Siberell* v. *Siberell,* 214 Cal. 767 [7 P.2d 1003]. Distribution under sections 228 and 229 does not turn upon the title or ownership at the time death terminated the marriage, but upon the source of the property as either separate or community.

A person claiming an inheritance under section 228 or 229 has the burden of proving that the property he claims had its source in the community property or the separate property of the predeceased spouse. (*Estate of Simonton,* 183 Cal. 53, 60 [190 P. 442]; *Estate of Adams,* 132 Cal.App. 2d 190, 196, 203 [282 P.2d 190].)

In the present record there is very little evidence as to the financial affairs of the decedent. She and her husband were married in 1931. The Victoria Avenue property was granted to James and Ruth Cline as joint tenants by a deed recorded May 15, 1936. The record does not show whether it was a home or an investment. Respondent testified that the money came from the sale of a house on Hobart Street which had formerly been owned by James and his first wife as joint tenants. On cross-examination respondent said he based this statement upon conversations with his father. The Hobart Street property was acquired by James and his first wife in 1922, and after her death in 1926 James became sole owner as surviving joint tenant. The Hobart Street property was sold by a deed recorded June 17, 1936.

There was evidence that decedent worked as a secretary both before and after the death of James.

It is unnecessary to determine whether this evidence was of sufficient substantiality to support a finding that the Victoria Avenue property was acquired with the separate funds of James derived from the sale of his Hobart Street house because the trial court made no such finding. The decree rests upon the finding that the source was the community property of Ruth and James, and the decree cannot stand if that finding is unsupported by evidence or presumption.

The remarks of the trial judge indicate that he relied upon *Estate of Brenneman,* 157 Cal.App.2d 474 [321 P.2d 86], as holding that property acquired during coverture is presumed to be community property in the absence of evidence to the contrary. In *Brenneman* the husband initially acquired real property by a deed in his name as a married man. Later he and his wife deeded the property out to a third party, who deeded it back to the husband and wife as joint tenants, and the record title so remained until death.

In the present case title was taken initially by James and Ruth Cline as joint tenants. When property is acquired by a married couple in this form of holding, the community property presumption does not arise. (*Siberell* v. *Siberell,* 214 Cal. 767 [7 P.2d 1003]; *Edwards* v. *Deitrich,* 118 Cal.App.2d 254, 260 [257 P.2d 750].) In *Brenneman* the court had as a starting point a deed to the husband alone that constituted a community property source. In the present case the record shows no community property history for the Victoria Avenue property.

At the trial each side appeared to rely chiefly upon presumptions. Upon a retrial it may be possible to develop more evidence showing the actual origin of the funds which went into the Victoria Avenue property.

The judgment is reversed for a new trial as to that portion of the estate which was awarded to respondent.

Shinn, P. J., and Ford, J., concurred.