[Civ. No. 8799.   First Appellate District, Division Two.—September 20, 1933.]

SAN FRANCISCO BAY TOLL–BRIDGE COMPANY (a Corporation), Appellant, v. LESLIE CALIFORNIA SALT COMPANY (a Corporation), Respondent.

Orrick, Palmer & Dahlquist for Appellant.

Oliver Dibble, Lloyd M. Tweedt and Derby, Sharp, Quinby & Tweedt for Respondent.

NOURSE, P. J.—This is an appeal from a judgment denying plaintiff relief in an action for damages and awarding

defendant damages against the plaintiff. The cause was tried by the court without a jury and the appeal is taken upon typewritten transcripts.

On the evening of April 8, 1929, the steamer "Pyramid", owned and operated by the defendant, collided with the northwest dolphin of the bridge, owned and operated by the plaintiff and spanning the southern part of San Francisco Bay between Alameda County and San Mateo County. At about 8:38 P. M. of that day the "Pyramid", proceeding southerly from San Francisco, had reached a point about a mile north of the bridge and there gave the required signal for the bridge tender to raise the lift span of the bridge to permit the vessel to pass through. No answering signal came from the bridge and a second signal was given with like result. The captain of the "Pyramid" then had its engines stopped and gave a third signal with the vessel proceeding at slow, or half speed, ahead. This was answered with a signal from the bridge tender for the vessel to come ahead, which it did at slow, or half speed, until it had reached a point about 400 feet from the bridge. Then the captain saw that the lift span would not be raised in time to permit the vessel to pass through the bridge and the engines were reversed full speed. At that time the vessel was headed directly for the center of the span with the wind and tide generally in the direction in which the vessel was proceeding. The vessel drew but three feet of water and when the engines were reversed the wind and tide caused it to turn slightly to the east and to collide with the northwest dolphin of the bridge at about midships.

There is some dispute in the evidence as to the speed of the vessel, its position in the channel, and the time occupied by the bridge tender in raising the span. In all three instances the trial court found in accordance with the testimony offered by respondent and appellant does not claim that these findings are not supported by some competent evidence.

On this appeal the single question is the sufficiency of the evidence to support the findings of the trial court. It is stated by the appellant in the following language: "A vessel proceeding through a lift span of a bridge lawfully constructed across navigable waters should use reasonable skill and care to avoid injuring the bridge and is presump-

tively negligent if it collides with the bridge. The trial court erred in finding that the collision of the steamship Pyramid with the northwest dolphin of the bridge owned by appellant was not caused by the negligent operation and navigation of the vessel by respondent.''

Assuming the correctness of appellant's statement that there is a presumption of negligence if the vessel collides with the bridge, it must be apparent that such presumption is nothing more than evidence of negligence which may be overcome by other evidence and that this merely creates a conflict in the evidence which the trial court must determine. When, as here, there is competent evidence tending to show want of negligence on the part of the defendant the finding of the trial court that the defendant was free of negligence cannot be disturbed.

Upon the issue of plaintiff's negligence in the operation of the bridge the trial court found that the proximate cause of the collision was plaintiff's delay in raising the lift span and in carelessly aind negligently signaling the vessel to come ahead notwithstanding such delay. This finding is amply supported by evidence which is without substantial conflict. Appellant does not urge that this finding is not supported by competent evidence, but merely argues that the trial court should have found the appellant free from negligence in the operation of the bridge. To pass on the questions presented by the appellant it would be necessary to try the case *de novo* on the evidence of negligence and want of negligence of the respective parties. As this is not the function of an appellate court and as there is no question of law presented at any stage of the appeal an affirmance of the judgment must necessarily follow.

The judgment is affirmed.

Spence, J., and Sturtevant, J., concurred.