[Civ. No. 25037. Second Dist., Div. Two. Aug. 4, 1961.]

ARON LANGSAM, Appellant, v. FRANK JOHN FABREGAT, Respondent.

Greenwald, Holland, Landrum & Baim and Lee W. Landrum for Appellant.

Gilbert, Thompson & Kelly, James B. Crowley and Jean Wunderlich for Respondent.

McMURRAY, J. pro tem.*—This is an appeal by plaintiff from a judgment entered in favor of defendant after a non-jury trial in which the judge found that both defendant and plaintiff were guilty of negligence, and from an order denying new trial.

The appellant's basic argument here is that under the evidence appellant was not guilty of contributory negligence as a matter of law. The evidence adduced at the trial, with the familiar intendments in favor of respondent applied thereto, would indicate that appellant was driving his car traveling north on Mansfield Avenue, at approximately 9:30 on a rainy evening; that upon approaching a stop sign on Mansfield at the corner of Third, appellant while 50 feet back from Third Street was traveling at 25 miles per hour; that he slowed down and stopped some 25 feet from the intersection, or perhaps 20 feet therefrom; that he then proceeded at 10 miles per hour across the intersection; that he stopped for a full minute and did not think he saw any cars going east or west on Third Street. After he had looked left and right, he looked straight ahead and started to go without again looking to the left or to the right; that when he looked to his right, he saw no moving automobile but saw lights coming "from far away, not from the middle of the block."

The foregoing evidence was adduced in appellant's deposition taken before the trial, this deposition was introduced at the trial, and was before the trial judge. At the trial, appellant testified that "After I stopped, then I don't know what happened. I just know one thing. They woke me up on the

---

*Assigned by Chairman of Judicial Council.

lawn, somebody's lawn. That's all. Nothing, just like a lightning; then I find myself on the lawn.'' Appellant also testified that he did not see any lights coming from the east as he had testified in his deposition.

Respondent who was traveling west testified that he did not see the appellant at any time, and that he was traveling at approximately 25 to 30 miles per hour, and the evidence at the trial amply supports the trial judge's finding of negligence on the part of defendant.

The argument of appellant is in part grounded upon the testimony of a medical doctor that injuries such as those sustained by appellant would ''almost certainly have resulted in a considerable loss of memory for the immediate events of the injury, and also probably for an event preceding the injury''; and that because of such loss of memory, the plaintiff was entitled to the presumption that he exercised due care, which was first enunciated in this state in *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 P. 529], a doctrine much discussed and, to some extent, qualified and limited by numerous other cases. The argument continues to attempt to clothe the appellant with the benefit of this presumption from the time he left the boulevard stop at Third Street, and that since appellant was entitled to this presumption of due care and defendant never saw the plaintiff, that the trial court was compelled to find in accordance with the presumption of due care and to conclude that plaintiff did not violate section 552 of the Vehicle Code as it was in effect at the time of the accident.[1]

Appellant's position in this matter is ingenious and relies

[1]Section 552: ''VEHICLE ENTERING THROUGH HIGHWAY. (a) The driver of any vehicle shall stop as required by Section 577 of this code at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from the through highway or which are approaching so closely on the through highway as to constitute an immediate hazard.

''A driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on the through highway shall yield the right of way to the vehicle so about to enter or cross the through highway.

''(b) The driver of any vehicle shall stop as required by Section 577 in obedience to a stop sign within an intersection erected as authorized by Section 471, and after such stop shall yield the right of way to other vehicles on that part of any roadway protected by any said stop sign which are so close as to constitute an immediate hazard.

''A driver having so yielded may proceed and the drivers of all other vehicles approaching on that part of the roadway protected by the stop sign shall yield the right of way to the vehicle so about to enter or cross such protected part of the roadway.''

for its efficacy upon the California rule that a presumption is evidence to be weighed against other evidence, and if not rebutted is controlling. However, the presumption of due care which results from a loss of memory is a disputable or rebuttable presumption and may be overcome by contrary evidence, either direct or indirect. (*Stafford* v. *Martinoni*, 192 Cal. 724 [221 P. 919] ; *Scott* v. *Burke*, 39 Cal.2d 388 [247 P.2d 313] ; *Everett* v. *Standard Acc. Ins. Co.*, 45 Cal.App. 332 [187 P. 996] ; *San Francisco Bay Toll-Bridge Co.* v. *Leslie Calif. Salt Co.*, 134 Cal.App. 237 [25 P.2d 268] ; *Duehren* v. *Stewart*, 39 Cal.App.2d 201 [102 P.2d 784] ; *Volquards* v. *Myers*, 23 Cal.App. 500 [138 P. 963].)

The above cases support the proposition that the presumption may be overcome by indirect evidence and that it is a question of fact whether the presumption has been overcome. From remarks made by the trial judge during the trial, it is evident that he did not believe that defendant was traveling in excess of 25 miles per hour because of the position of the automobiles after the collision, and that he concluded that at the time appellant proceeded to cross the intersection, the respondent's car was so close as to constitute an immediate hazard. The record shows that the court felt that appellant was entitled to presumption of due care from about the middle of the street onward. Appellant's counsel differed with the court's interpretation of the facts before it and felt that appellant was entitled to that presumption from some distance farther back, how far it does not appear.

Such refinement of the application of the presumption appears to be somewhat artificial, since under the evidence in the record, the trial judge had sufficient evidence upon which to properly infer that the rebuttable presumption of due care has been overcome both by testimony with respect to appellant's act immediately before and after entering the intersection and by the indirect evidence of the position of the vehicles after the collision. That such findings by the trial court are binding upon this court is well established. (*San Francisco Bay Toll-Bridge Co.* v. *Leslie Calif. Salt Co.*, 134 Cal.App. 237 [25 P.2d 268] ; *Trelut Estate*, 26 Cal.App.2d 717 [80 P.2d 147] ; *Pierson* v. *Bradfield*, 47 Cal.App.2d 519 [111 P.2d 460].)

The appeal from the order denying motion for a new trial is dismissed. The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.